OPINION OF THE COURT
 

 Kaye, J.
 

 In a contract for the sale of a controlling stock interest in a vineyard, the seller’s undertaking to produce a title insurance policy and mortgage confirmation at closing constituted a condition and not a promise, the breach of which excused the buyer’s performance and entitled it to the return of its deposit, but not to consequential damages. On the buyer’s motion for summary judgment seeking recovery of both the deposit and consequential damages, the Appellate Division correctly awarded sum
 
 *109
 
 mary judgment to the buyer for its deposit and to the seller dismissing the cause of action for consequential damages, even though the seller had not sought this relief by cross appeal.
 

 In September, 1981, plaintiff, Merritt Hill Vineyards, entered into a written agreement with defendants, Windy Heights Vineyard and its sole shareholder Leon Taylor, to purchase a majority stock interest in respondents’ Yates County vineyard, and tendered a $15,000 deposit. The agreement provides that “[i]f the sale contemplated hereby does not close, Taylor shall retain the deposit as liquidated damages unless Taylor or Windy Heights failed to satisfy the conditions specified in Section 3 thereof.” Section 3, in turn, lists several “conditions precedent” to which the obligation of purchaser to pay the purchase price and to complete the purchase is subject. Among the conditions are that, by the time of the closing, Windy Heights shall have obtained a title insurance policy in a form satisfactory to Merritt Hill, and Windy Heights and Merritt Hill shall have received confirmation from the Farmers Home Administration that certain mortgages on the vineyard are in effect and that the proposed sale does not constitute a default.
 

 In April, 1982, at the closing, plaintiff discovered that neither the policy nor the confirmation had been issued. Plaintiff thereupon refused to close and demanded return of its deposit. When defendants did not return the deposit, plaintiff instituted this action, asserting two causes of action, one for return of the deposit, and one for approximately $26,000 in consequential damages allegedly suffered as a result of defendants’ failure to perform.
 

 Special Term denied plaintiff’s motion for summary judgment on both causes of action. The Appellate Division unanimously reversed Special Term’s order, granted plaintiff’s motion for summary judgment as to the cause of action for return of the deposit, and upon searching the record pursuant to CPLR 3212 (subd [b]), granted summary judgment in favor of defendants, dismissing plaintiff’s second cause of action for consequential damages. Both plaintiff and defendants appealed from that decision. This appeal raises two issues: first, whether as a matter of
 
 *110
 
 procedure, the Appellate Division could grant defendants summary judgment in the absence of a cross appeal, and second, if so, whether the Appellate Division, on the merits, correctly determined that the failure to supply the title insurance policy and mortgage confirmation obligated defendants to return plaintiff’s deposit but did not subject them to liability for consequential damages. Because the Appellate Division was correct both as to procedure and as to substance, we affirm.
 

 I
 

 As matter of procedure, the Appellate Division had the authority to grant summary judgment to defendants even in the absence of a cross appeal by them.
 

 On plaintiff’s appeal from the denial of its motion for summary judgment, the Appellate Division was required to review the record to determine if any issues of fact existed as to either of plaintiff’s causes of action which required a trial. After searching the record, the Appellate Division determined that no issue of triable fact existed as to either cause of action, that plaintiff was entitled to judgment as a matter of law on the first, but that defendants were entitled to judgment as a matter of law on the second. CPLR 3212 (subd [b]), provides that “[i]f it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion.” Pursuant to that rule, the Appellate Division properly entered summary judgment in favor of defendants and dismissed plaintiff’s second cause of action.
 

 The question that next arises, however, is whether the Appellate Division could grant such relief in the absence of a cross appeal by defendants. While it is clear that this court could not grant summary judgment to a nonappealing party
 
 (Manes & Co. v Greenwood Mills,
 
 53 NY2d 759, 761;
 
 Kelly’s Rental v City of New York,
 
 44 NY2d 700, 702;
 
 New York Cent. R.R. Co. v Beacon Milling Co.,
 
 293 NY 218, 222), the Appellate Division is not so precluded. (Compare
 
 People v Consolidated Edison Co.,
 
 34 NY2d 646, 648, with
 
 City of Rye v Public Serv. Mut. Ins. Co.,
 
 34 NY2d 470, 474.) This court has consistently upheld the Appellate
 
 *111
 
 Division’s authority to grant such relief pursuant to CPLR 3212 (subd [b]), even in the absence of an appeal by the nonmoving party.
 
 (Taterka v Nationwide Mut. Ins. Co.,
 
 91 AD2d 568, 569, affd 59 NY2d 743;
 
 Wehringer v Helmsley-Spear, Inc.,
 
 91 AD2d 585, affd 59 NY2d 688;
 
 Freidus v Todem Homes,
 
 80 AD2d 575, 577, affd 56 NY2d 526;
 
 Howell v Davis,
 
 58 AD2d 852, 853, affd 43 NY2d 874;
 
 Peoples Sav. Bank v County Dollar Corp.,
 
 43 AD2d 327, 334, affd 35 NY2d 836.)
 

 Our recent decision in
 
 Hecht v City of New York
 
 (60 NY2d 57) does not require otherwise. In reviewing a judgment entered on a jury verdict against multiple parties, we held in
 
 Hecht
 
 that in the absence of express statutory authority the Appellate Division could not award affirmative relief to one of the multiple defendants who did not appeal. Here, the basis for the Appellate Division’s authority is CPLR 3212 (subd [b]).
 

 Unlike this court, which has no original jurisdiction over motions and limited authority to review facts, the Appellate Division is a division of the Supreme Court (see NY Const, art VI, §§ 4, 7) and shares that court’s power to search the record and award summary judgment to a nonmoving party even where, as here, the nonmovant did not appeal. As was aptly explained in language adopted by this court in
 
 De Rosa v Slattery Contr. Co.
 
 (14 AD2d 278, 280-281, affd 12 NY2d 735):
 

 “Rule 113 of the Rules of Civil Practice [the predecessor of CPLR 3212] provides judgment may be awarded to the opposing party even in the absence of a cross motion. Defendant Slattery did not ask for summary judgment either at Special Term or on appeal. It may be entitled to that relief, however, if it has a good defense to the action. The material facts are undisputed and mandate summary judgment dismissing the complaint * * *
 

 “The Appellate Division, as the successor of the General Term, possesses all of the original jurisdiction of the Supreme Court, including the hearing and determination of motions * * * On an appeal from an intermediate order resulting in a reversal or modification, the Appellate Division generally entertains jurisdiction of and decides the underlying motion * * * The Court of Appeals, unlike the
 
 *112
 
 Appellate Division, has no original jurisdiction of a motion in an action or proceeding, and in the absence of an appeal therefrom it has held that it is without power to decide it.” (Citations omitted.)
 

 Ever since its first appearance in this State by legislative enactment in 1921, summary judgment has offered an effective means for resolving disputes which present only questions of law. (See Paston, Summary Judgment in New York, chs III-VI;
 
 Kahn v City of New York,
 
 37 AD2d 520, 521, affd 30 NY2d 690.) “[T]he practicalities of frivolous litigation and court congestion mandate a summary procedure upon the ascertaining that there is no cause of action.”
 
 (Senrow Concessions v Shelton Props.,
 
 10 NY2d 320, 326.) This is as true when the infirmity in a cause of action or defense is ascertained by the Appellate Division as it is when that decision is made at Special Term. Once it determined that no issue of material fact existed as to plaintiff’s second cause of action and that defendants were entitled to judgment as a matter of law, the Appellate Division had the power and responsibility to award summary judgment.
 

 Thus, the order below was correct as a matter of procedure.
 

 II
 

 On the merits, plaintiff’s right to return of its deposit or to consequential damages depends upon whether the undertaking to produce the policy and mortgage confirmation is a promise or a condition.
 

 A promise is “a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made.” (Restatement, Contracts 2d, § 2, subd [1].) A condition, by comparison, is “an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under a contract becomes due.” (Restatement, Contracts 2d, § 224.) Here, the contract requirements of a title insurance policy and mortgage confirmation are expressed as conditions of plaintiff’s performance rather than as promises by defendants. The requirements are contained in a section of the agreement entitled “Conditions Precedent to Purchaser’s Obligation to Close,”
 
 *113
 
 which provides that plaintiff’s obligation to pay the purchase price and complete the purchase of the vineyard is “subject to” fulfillment of those requirements. No words of promise are employed.
 
 *
 
 Defendants’ agreement to sell the stock of the vineyard, not those conditions, was the promise by defendants for which plaintiff’s promise to pay the purchase price was exchanged.
 

 Defendants’ failure to fulfill the conditions of section 3 entitles plaintiff to a return of its deposit but not to consequential damages. While a contracting party’s failure to fulfill a condition excuses performance by the other party whose performance is so conditioned, it is not, without an independent promise to perform the condition, a breach of contract subjecting the nonfulfilling party to liability for damages (Restatement, Contracts 2d, § 225, subds [1], [3]; 3Á Corbin, Contracts, § 663; 5 Williston, Contracts [Jaeger-3d ed], § 665). This is in accord with the parties’ expressed intent, for section 1 of their agreement provides that if defendants fail to satisfy the conditions of section 3 plaintiff’s deposit will be returned. It does not provide for payment of damages.
 

 On the merits of this case the Appellate Division thus correctly determined that plaintiff was entitled to the return of its deposit but not to consequential damages.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Meyer concur; Judge Simons taking no part.
 

 Order affirmed, without costs.
 

 *
 

 Plaintiff contends that the failure to produce the policy and confirmation is also a breach of section 5, entitled “Representations, Warranties and Agreements.” A provision may be both a condition and a promise, if the parties additionally promise to perform a condition as part of their bargain. Such a promise is not present here. The only provision of section 5 conceivably relevant is that “Windy Heights has good and marketable title to the Property and all other properties and assets * * * as of December 31, 1980”. But this is quite different from the conditions of section 3 that a title insurance policy and mortgage confirmation be produced at the closing, which took place in April, 1982. Both the complaint and plaintiff’s affidavits are premised on nonperformance of section 3 of the agreement, not section 5.