■ DONALD WOOD, Appellant, v JAMES L. LAUGHLIN, Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered August 12, 1983 in Tompkins County, upon a dismissal of the complaint by the court at Trial Term (Bryant, J.), at the close of plaintiff's case. ¶ On July 16, 1980, plaintiff and his then partner, Richard Terwilliger, entered into a written contract with defendant to purchase certain real property, including a restaurant known as the Woodside Inn, in the Town of Enfield, Tompkins County.* The purchase price set forth in the contract was $95,000, to be paid by a $1,000 deposit, the assumption of a $66,432.82 mortgage, a $20,000 cash payment at closing and a $7,568.18 note. The contract was conditioned upon receipt by plaintiff of an on-premises New York State liquor license, and upon plaintiff receiving a financial commitment in writing from Tompkins County Trust Company to assume the existing mortgage at 10% interest for a term of years with a copy of the written commitment to be provided the seller by July 24, 1980. The closing of title was scheduled for August 29, 1980. ¶ When the parties failed to consummate the realty contract, plaintiff commenced this action for breach of contract. At the close of plaintiff's case, the trial court granted defendant's motion, pursuant to CPLR 4401, to dismiss the complaint as a matter of law. This appeal by plaintiff ensued. ¶ Paragraph No. 6 of the contract of sale specifically states, "That this conveyance is made contingent upon receipt by parties of the second part [plaintiff and Terwilliger] of an on premises New York State Liquor License." No such liquor license was obtained by plaintiff. In fact, plaintiff's application was denied in May, 1981. Since it is clear that paragraph No. 6 created a condition precedent, the failure of the condition, while excusing plaintiff's performance, is not a breach of contract by defendant subjecting him to liability for damages (*Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 113). Plaintiff's contention that defendant had promised to assist in plaintiff's procurement of a liquor license is without merit. No such promise can be found in the written contract, and plaintiff does not allege that defendant made any oral promise to that effect. ¶ Next, while it appears that the Tompkins County Trust Company obtained guaranteed financing of the existing mortgage on the subject premises from the Small Business Administration, such written commitment was not obtained until September, 1980, and plaintiff never sent a copy of the commitment to defendant. Plaintiff received exactly what he bargained for, i.e., the right to walk away from the contract should he be unable to perform the conditions precedent set forth in the contract. ¶ Since the judgment must be

* The partnership between plaintiff and Terwilliger has been dissolved with Terwilliger assigning his rights in this claim to Wood.

affirmed, we see no reason to pass upon plaintiff's challenge to certain evidentiary rulings by the trial court, particularly those regarding the element of damages. ¶ Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.