■ JUANITA ANDERSON, Appellant, v COLONIAL PENN INSURANCE COMPANY, Respondent.

Plaintiff was injured in an automobile collision with defendant's insured on September 12, 1987, and notified defendant of the incident on February 18, 1988. In the interim, defendant terminated its insured's policy. Although there was further correspondence between plaintiff and the defendant indicating that the claim was being pursued, defendant did nothing to follow up on the matter except for a request to the insured's agent to have the insured fill out an accident form, which request was apparently not complied with.

On March 11, 1989, plaintiff commenced an action against the insured, but the insured defaulted, and apparently did not send the summons and complaint to the defendant until after a default judgment was entered against him on January 10, 1990, in the amount of $261,500. A copy of the judgment with notice of entry was served on the insured on June 7, 1990, and upon the defendant on August 1, 1990. Defendant disclaimed coverage based upon the insured's failure to notify defendant of the accident and the lawsuit.

Plaintiff then commenced a declaratory judgment action against the defendant, and moved for summary judgment. The IAS court denied the motion on the ground that an issue of fact was presented as to the validity of defendant's disclaimer of coverage. Although this court has the authority to search the record and grant summary judgment in favor of a nonappealing party (Merritt Hill Vineyards v Windy Hgts. Vineyard,

61 NY2d 106, 110), we agree with the IAS court that the record raises factual questions regarding the insured's default in the personal injury action and his alleged failure to comply with his obligations under the contract of insurance. Concur— Carro, J. P., Wallach, Ross, Smith and Rubin, JJ.