■ F.N.S. ATLANTIC COMPANY, INC., Appellant, v CITY OF NEW YORK, Respondent. [607 NYS2d 336] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered May 24, 1993, denying plaintiff's motion for partial summary judgment on the first cause of action for the fair rental value or use and occupancy of premises located at 2550 Atlantic Avenue, Brooklyn, unanimously reversed, on the law, without costs or disbursements, to the extent of granting plaintiff partial summary judgment with respect to the City's liability for use and occupancy and remanding the matter for an immediate trial on the issue of damages and to the further extent of dismissing the balance of the first cause which purports to state a cause of action for breach of contract.

The City occupied the subject premises pursuant to an April 9, 1969 lease which expired on October 31, 1990. On November 1, 1990, plaintiff landlord entered into a license agreement with the City whereby the City would pay a monthly fee of $23,885.66 for a one-year term expiring November 30, 1991. It is undisputed that the City has not paid for its continued use and occupancy of the premises since the November 30, 1991 expiration of the license agreement. Apparently, negotiations for a new, long-term lease broke down.

After joinder of issue, plaintiff moved for partial summary judgment seeking use and occupancy for the period of the City's occupancy subsequent to November 30, 1991, which, plaintiff contends, is equivalent to the "rent" provided for in the license agreement, a rent allegedly acknowledged by the City in several documents, as fair and reasonable. In opposition, the City conceded its liability to pay for its occupancy of the premises but disputed the amount sought, arguing that the monthly fee charged in the license agreement for its use and occupancy of the premises reflected a rent in excess of the present market value of the premises. The City also alleged that a part of the premises occupied by it as a day care center had previously been surrendered. Plaintiff, however, alleges that it rejected the surrender. The IAS Court denied the motion as "premature", finding an issue of fact as to how much space the City occupied. We reverse.

To the extent that the first cause of action can be read to seek a recovery for use and occupancy, plaintiff is entitled to summary judgment on the issue of liability and an immediate

trial on the issue of damages with respect to use and occupancy. Any question as to how much space was occupied and the duration thereof can be explored at the damage trial. The City admits that it is not entitled to occupy the premises free of charge; the only issue relates to the reasonable value of its use and occupancy. *(See, e.g., State of New York v Charter Craft Corp.,* 167 AD2d 584, 585; *see,* CPLR 3212 [c].)

While the ad damnum clause for the first cause of action demands recovery for use and occupancy, the cause, as pleaded, alleges a breach of the license agreement, which, plaintiff contends, was extended beyond its one-year term. There is no record support for such a claim, in the absence of which, in our search of the record on this summary judgment motion *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110), the first cause of action, to the extent it alleges a breach of contract, should be dismissed. Concur—Sullivan, J. P., Asch, Rubin, Nardelli and Williams, JJ.