■ VIDEO-CINEMA FILMS, INC., Respondent-Appellant, v SEABOARD SURETY COMPANY, Respondent, and JOHN L. VORBACH, III, et al., Appellants-Respondents, et al., Defendant. [625 NYS2d 195] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about July 18, 1994, which denied plaintiff's motion for summary judgment, granted summary judgment dismissing plaintiff's further amended complaint as against defendant Seaboard Surety Company, and denied the motion of defendants John L. Vorbach, III and John L. Vorbach Company for summary judgment dismissing plaintiff's further amended complaint as against them, unanimously affirmed, without costs.

We have previously held that the terms "television and/or

broadcasting" do not extend to or include videocassettes or videodiscs for home use in *Tele-Pac, Inc. v Grainger* (168 AD2d 11, 16, *lv dismissed* 79 NY2d 822; *General Mills v Filmtel Intl. Corp.,* 195 AD2d 251, 252). In this case, the insurance policy issued by defendant Seaboard extended only to certain enumerated acts, "committed or alleged to have been committed in the conduct of the Insured's business of Producer or Distributor or Owner of the film *for commercial use on television and arising out of the telecasting of the film* series." This language is clear and unambiguous, and may not be varied or contradicted by parol evidence. Accordingly, the complaint against the insurer was properly dismissed. Also without merit is plaintiff's argument that the motion court inappropriately converted Seaboard's motion into one for summary judgment. There were two motions for summary judgment pending before the IAS Court, upon which it was authorized to search the record and grant judgment to the non-moving party (CPLR 3212 [b]; *see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110).

The motion of the Vorbach defendants for summary judgment was properly denied. Issues of fact are present regarding the duty of these defendants to place the appropriate coverages to protect their clients' interests in the circumstances. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Nardelli, JJ.