*549 OPINION OF THE COURT
Memorandum:
Order unanimously modified by granting so much of the plaintiff’s motion as sought summary judgment striking defendant’s fifth affirmative defense, and as so modified affirmed, without costs.
Plaintiff, a State guarantee agency, commenced the instant “consumer credit transaction”, to recover on a promissory note for guaranteed student loans, in the principal sum of $2,250, executed by defendant on September 22, 1976. Defendant asserted several affirmative defenses including the fifth affirmative defense, wherein defendant alleged that the suit was barred by Banking Law §§ 352 (formerly § 353) and 358, in that “plaintiff or its assignor failed to comply with applicable [disclosure] provisions of Federal and New York State Truth-in-Lending’ statutes, rules and regulations governing said loan at the time said loan was made.” The court below granted so much of plaintiff’s motion for summary judgment as sought dismissal of the seventh affirmative defense but denied so much of the motion as sought dismissal of the fifth affirmative defense. It also denied defendant’s cross motion for summary judgment in his favor dismissing the complaint based on the fifth affirmative defense, and the seventh affirmative defense which alleged noncompliance with 8 NYCRR part 2107. Plaintiff argues for the first time on appeal that defendant’s fifth affirmative defense should have been dismissed on the ground that the defense is barred under section 1603 of the Federal Truth in Lending Act (15 USC). We agree, and note initially that contrary to defendant’s contention, plaintiff is not precluded from presenting an issue of law for the first time on appeal since the question of law is one which could not have been avoided by defendant if raised in the court below (see, Block v Magee, 146 AD2d 730, 732). Moreover, this court may search the record and grant summary judgment to the nonappealing party (see, CPLR 3212 [b]; Merritt Hill Vineyards v Windy Hgts. Vineyards, 61 NY2d 106, 110-111). Accordingly, this court may consider plaintiff’s argument.
Although New York State Banking Law § 352, which is relied upon by defendant, provides that a lender make certain disclosure to a borrower, the Federal Truth in Lending Act expressly exempts from the disclosure requirements set forth therein “[l]oans made, insured, or guaranteed pursuant to a program authorized by Title IV of the Higher Education Act of *550 1965 (20 U.S.C. 1070 et seq.)" (15 USC § 1603 [7]). Additionally, the guaranteed student loans at issue are regulated by the Higher Education Act of 1965 which preempts State law and which expressly provides that such loans are not subject to the disclosure requirements of State law (20 USC § 1099).
It is therefore clear that defendant, as a student borrower, is barred from asserting as an affirmative defense to this “consumer credit transaction” failure to comply with either the consumer credit protection disclosure requirements contained in Truth in Lending Act or State laws governing disclosure requirements. Defendant’s fifth affirmative defense therefore should be dismissed.
We note that 8 NYCRR part 2107 was repealed on August 27, 1996, effective September 11, 1996. In the absence of a savings clause, defendant’s seventh affirmative defense based on said part 2107, though repealed during the pendency of the action, cannot stand (McKinney’s Cons Laws of NY, Book 1, Statutes § 411). For the foregoing reasons, defendant’s cross-motion for summary judgment based on his fifth and seventh affirmative defenses was properly denied.
Scholnick, J. P., Chetta and Patterson, JJ., concur.