■ JOAN HANSEN & CO., INC., Appellant, v EVERLAST WORLD'S BOXING HEADQUARTERS CORP., Respondent, et al., Defendants. [768 NYS2d 329]—

Order, Supreme Court, New York County (Charles Ramos, J.), entered December 23, 2002, which, in an action by a licensing consultant to recover commissions under its "representation agreement" with defendant-respondent Everlast World's Boxing Headquarters Corp. (the licensor), insofar as appealed from, granted the licensor's motion for summary judgment dismissing the first cause of action for breach of contract, unanimously affirmed, without costs.

The facts are set out in our prior decision (296 AD2d 103 [2002]). We clarify that the obligation of defendant Everlast Worldwide Inc., formerly known as Active Apparel Group, Inc. (the licensee), to pay royalties to the licensor was terminated not by the licensee's mere acquisition of the licensor (*see Wilson*

*v Mechanical Orguinette Co.*, 170 NY 542 [1902]; Business Corporation Law § 906 [b] [3]), but by the agreement dated as of October 24, 2000 (the wraparound agreement) pursuant to which the licensor granted the licensee a royalty-free license. While defendants should have pleaded the wraparound agreement as an affirmative defense in their answer (CPLR 3018 [b]), summary judgment can be granted on an unpleaded defense where, as here, the opponent of the motion has not been surprised and fully opposed the motion (*Rogoff v San Juan Racing Assn.*, 54 NY2d 883 [1981]). Plaintiff contends that there are issues of fact as to the validity of the wraparound agreement and that it should have been given the opportunity to conduct discovery before summary judgment was granted against it. However, discovery cannot avail plaintiff in view of our previous decision that "the damages sought by plaintiff for its lost commissions are not recoverable as a matter of law" (296 AD2d at 107). We also reject plaintiff's contention that article VI (3) (a) of the representation agreement, which provides for a reduction of plaintiff's commissions at the rate of $1\frac{1}{4}\%$ for each $\frac{1}{2}\%$ reduction of royalty fees below 6%, is ambiguous. As we previously said, "[t]he only reasonable construction of the contract is that if no revenue is received, no commission is payable" (296 AD2d at 111). Nor does it avail plaintiff to argue that equity requires that the royalties be deemed paid to or constructively received by the licensor. "[E]quitable considerations will not allow an extension of [contract language] beyond its fair intent and meaning in order to obviate objections which might have been foreseen and guarded against" (*Caporino v Travelers Ins. Co.*, 62 NY2d 234, 239 [1984]). We have considered plaintiff's other arguments and find them unavailing. Concur— Nardelli, J.P., Saxe, Friedman, Marlow and Gonzalez, JJ.