McCooe, J.
(dissenting in part). I agree with the majority *77 that summary judgment was improperly granted to the petitioner landlords but would grant summary judgment to the respondent tenant.
The landlords moved for summary judgment seeking to evict the tenant from his apartment on the ground that he charged a roommate more than a proportional share of the rent in violation of Rent Stabilization Code (RSC) (9 NYCRR) § 2525.7 (b).
This rent-stabilized tenant has occupied the subject premises for 25 years and is a mentally disabled individual in his mid-forties who suffered traumatic brain injuries in the 1990s. This has resulted in severe memory loss, depression and posttraumatic stress disorder. He is a client of the Center for Independence of the Disabled in New York which provides counseling, assistance with memory problems and training in independent living skills. Part of his rent has been paid at times by a social service group for the mentally disabled. A guardian ad litem was appointed for the tenant during the housing court proceeding.
Respondent Simon Sheppard was tenant’s roommate from March 2000 to May 2002. RSC § 2525.7 (b) was enacted on December 20, 2000. Sheppard allegedly paid the tenant rent ranging from $520 to $620 per month. During this period the legal rent for the apartment ranged from $795.95 per month to $908.06 per month. Sheppard had a furnished room, a separate entrance to the apartment, full use of all rooms of the apartment and access to the tenant’s vacuum cleaner, cleaning supplies, etc.
After issue was joined and discovery was completed, the landlords moved for summary judgment arguing that they had established an overcharge and that the tenant had not refunded the excess rent to Mr. Sheppard, who no longer resided in the apartment. There is no claim that Mr. Sheppard even requested a refund for the overcharge* or that the tenant knew of the change in the law restricting the amount of rent which could be charged to a roommate. The landlords relied upon the deposition testimony of Mr. Sheppard as to the amount of rent he paid and an affidavit from one of the landlords attesting to the overcharge in support of their motion.
The tenant opposed the motion with only an attorney’s affirmation arguing that there was no clear factual basis to *78 determine the exact amount of the overcharge. No affidavit from the tenant or his guardian ad litem was submitted.
The motion court in an eight-page decision concluded that “Petitioner is awarded summary judgment based on the lack of an affidavit from a person with knowledge in opposition.”
The court acknowledged that the tenant’s inability to remember events, facts, dates, and times, with his cognitive deficits, made it “extremely difficult” for tenant to defend this proceeding. The court noted that the guardian ad litem, appointed to protect the tenant’s interests, had not submitted an affidavit in opposition to the motion.
The decision stated, “It would not have been very difficult to tender the refund at the deposition” and “make arrangements for a refund.” Further that “it would be improper for this Court to require Petitioner to bear the cost of a trial where no issue of fact or law has been raised.” The motion court granted a final judgment of possession staying execution of the warrant “upon condition that all arrears are satisfied by June 20th, 2005.”
I disagree with the motion court’s granting of summary judgment to the landlords and would search the record and grant summary judgment to the tenant for the reasons stated in my dissent in First Hudson Capital, LLC v Seaborn (15 Misc 3d 40, 41 [App Term, 1st Dept 2007]), decided this date. This relief is available “even in the absence of an appeal by the nonmoving party” (Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 111 [1984]; see also CPLR 3212 [b]).
The landlords have failed to make a prima facie case of entitlement to judgment as a matter of law even if its proof is accepted as true. “Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). The landlords have failed to establish as a matter of law that the overcharge constituted commercial exploitation.
Accepting the fact that there was an overcharge, the motion court did not find that the landlords established that the overcharge constituted “profiteering” or “commercial exploitation” warranting eviction. Absent this finding, a judgment of possession should not have been granted. The only basis for the granting of summary judgment by the motion court was the lack of an affidavit in opposition by a person with knowledge.
Furthermore, and while not necessary for this decision, summary judgment was improperly granted because there was an *79 issue of fact as to the amount of the overcharge. The motion court did not establish the amount of the overcharge because, as the motion court’s decision indicates, Sheppard could not specify the amount of rent that he had paid. Sheppard had no receipts and at least part of the rent was paid in cash. Additionally, summary judgment should be denied where the issues of damages and liability are intertwined (see 2 Leventhal, Byer’s Civil Motions § 77:24 [2d rev ed]).
I would reverse the order granting summary judgment to the petitioner landlords and grant summary judgment to the respondent tenant dismissing the petition.
McKeon, EJ., and Schoenfeld, J., concur; McCooe, J., dissents in part in a separate opinion.

 Mr. Sheppard, who was subpoenaed for this deposition, acknowledged receiving a check from the tenant in' the amount of $105 but he did not cash it. Even if cashed, the $105 did not represent a full refund of the overcharge.