■ ANDREW B. OSTROY et al., Plaintiffs, v SIX SQUARE LLC et al., Defendants. BRADFORD GENERAL CONTRACTORS Co., INC., et al., Third-Party Plaintiffs-Appellants, v DIEGO PILLCO, Third-Party Defendant-Respondent. [902 NYS2d 823]—

Order, Supreme Court, New York County (Louis B. York, J.), entered October 16, 2009, which denied third-party plaintiffs' motion for a default judgment against third-party defendant, unanimously reversed, on the law, without costs, and the motion granted.

The motion court erroneously denied the motion for a default judgment on the ground that service to the incarcerated third-party defendant was not proper. It is well established that where service is proper and a plaintiff makes out the facts of its entitlement to judgment, a plaintiff is entitled to a default judgment when defendant fails to appear (*see* CPLR 3215). The application for default must be supported by either an affidavit of a person with knowledge, or a verified complaint (*see Wolf v 3540 Rochambeau Assoc.*, 234 AD2d 6 [1996]).

Here, the record shows that third-party defendant was personally served with a verified copy of the summons and complaint on June 19, 2009 at Elmira Correctional Facility and has failed to answer. Furthermore, contrary to the motion court's finding, the motion was not premature and plaintiffs in the main action will not be prejudiced by the default judgment. Concur—Andrias, J.P., Saxe, Friedman, Nardelli and Acosta, JJ.

Motion seeking leave to supplement the record and other related relief denied.