OPINION OF THE COURT
Memorandum.
Ordered that the appeal from the order dated March 5, 2009 is dismissed as that order was superseded by the order dated July 28, 2009; and it is further,
Ordered that the order dated July 28, 2009, insofar as appealed from, is modified by providing that the branches of plaintiffs motion seeking summary judgment on the causes of action brought pursuant to 47 USC § 227 (b) (1) (C) are granted and, upon a search of the record, summary judgment is awarded to defendant dismissing the complaint with respect to the causes of action brought pursuant to 47 USC § 227 (d) (1) (B); as so modified, the order is affirmed without costs. The matter is remitted to the District Court for an assessment of damages pursuant to 47 USC § 227 (b) (3), and for all further proceedings on plaintiffs causes of action brought pursuant to General Business Law § 396-aa.
Plaintiff commenced this action pursuant to the Telephone Consumer Protection Act of 1991 (47 USC § 227 et seq.) (TCPA) and General Business Law § 396-aa, complaining that defendant had transmitted unsolicited advertisements to his facsimile *26 (fax) machine without his authorization, in violation of the statutes. By order dated March 5, 2009, the District Court denied plaintiffs motion for summary judgment on the ground that triable issues of fact exist. By order dated July 28, 2009, the District Court granted plaintiffs motion for leave to reargue and, upon reargument, the court adhered to the prior determination. Plaintiff appeals from both orders. The appeal from the order dated March 5, 2009 is dismissed as that order was superseded by the order dated July 28, 2009.
The TCPA provides, in pertinent part, that “[i]t shall be unlawful for any person within the United States ... to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement” (47 USC § 227 [b] [1] [C]). An unsolicited advertisement means “any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person’s prior express invitation or permission, in writing or otherwise” (47 CFR 64.1200 [f] [13]).
The Federal Communications Commission (FCC) has interpreted the TCPA to allow the sending of unsolicited commercial faxes to a recipient with whom a sender has an “established business relationship.” An “established business relationship” is defined as:
“a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party” (47 CFR 64.1200 [f] [5]).
The established business relationship exception will only apply if the first page of the unsolicited advertisement contains, among other things, “a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements” (47 CFR 64.1200 [a] [3] [hi]). The Code of Federal Regulations (CFR) specifies the precise language that must be used to satisfy this requirement.
In opposition to plaintiffs motion, defendant failed to demonstrate the existence of the prerequisites for an “established business relationship” exception because the notice pro *27 vision it included on the first page of each fax sent to plaintiff did not comport with the CFR {id.). Accordingly, plaintiff is entitled to summary judgment on the causes of action brought pursuant to 47 USC § 227 (b) (1) (C).
With respect to plaintiff’s causes of action pursuant to 47 USC § 227 (d) (1) (B), his status as a private individual bars him from bringing suit (Klein v Vision Lab Telecom., Inc., 399 F Supp 2d 528, 539-540 [SD NY 2005] [“no independent cause of action exists for violations of § 227(d), . . . under the TCPA, it is the province of the state attorneys general and the F.C.C. to sue fax broadcasters for technical violations”], citing Lary v Flasch Bus. Consulting, 878 So 2d 1158, 1165 [Ala Ct Civ App 2003]). Consequently, it is appropriate for this court to search the record and award summary judgment to defendant as to these causes of action (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 111 [1984]).
As to plaintiffs causes of action under General Business Law § 396-aa, defendant raised a triable issue of fact as to whether the parties had a “prior contractual or business relationship” (General Business Law § 396-aa [1]). Consequently, the District Court properly denied plaintiffs motion for summary judgment as to these causes of action.
Furthermore, unlike General Business Law § 396-aa, the TCPA allows private individuals to recover treble damages for willful or knowing conduct (47 USC § 227 [b] [3]). This course of conduct does not require a demonstration of bad faith, “but only that the person have reason to know, or should have known, that his conduct would violate the statute” (Rudgayzer & Gratt v Enine, Inc., 4 Misc 3d 4, 14 [App Term, 2d & 11th Jud Dists 2004], quoting Texas v American Blastfax, Inc., 164 F Supp 2d 892, 899 [2001]). Plaintiff failed to proffer adequate evidence that defendant willfully or knowingly violated the statute. Since there is not enough evidence in the record for this court to determine whether defendant’s activities rise to the level of willful or knowing conduct, the matter is remitted to the District Court for a finding as to the nature of the violation of section 227 (b) (1) (C) and an assessment of damages in accordance therewith {id.).
Molía, J.P, Tanenbaum and LaCava, JJ., concur.