First Class Medical, P.C., as Assignee of Bamidele Akinyooye, Appellant,
against
State Farm Mutual Automobile Ins. Co., Respondent.




Gabriel & Shapiro, LLC (Steven F. Palumbo, Esq.), for appellant.
Bruno, Gerbino & Soriano, LLP (Mitchell L. Kaufman, Esq.), for respondent.

Appeal from an order of the District Court of Suffolk County, Third District (C. Stephen Hackeling, J.), dated Jfune 1, 2015. The order, upon a motion by defendant for summary judgment dismissing the complaint with prejudice on the ground that plaintiff's assignor failed to appear for examinations under oath, granted defendant's motion to the extent of dismissing the complaint without prejudice on the ground that the action was premature, and denied plaintiff's cross motion for summary judgment.




ORDERED that the order is modified by providing that, upon searching the record, defendant's motion for summary judgment dismissing the complaint with prejudice is granted; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly scheduled examinations under oath (EUOs), and plaintiff cross-moved for summary judgment. In opposition to defendant's motion, plaintiff attached copies of letters to defendant stating, among other things, that, since its principal had testified at a previous EUO on January 11, 2013, plaintiff had "complied with its obligations under the no-fault regulations." Plaintiff appeals from an order of the District Court which granted defendant's motion for summary judgment dismissing the complaint on the ground that the action was premature, and denied plaintiff's cross motion.
At the outset we note that plaintiff failed to establish that it had mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) the objection letters that it attached to its opposition papers (see generally Crescent Radiology, PLLC v American Tr. Ins. Co., 31 Misc 3d 134[A], 2011 NY Slip Op 50622[U] [App Term, 9th & 10th Jud Dists [*2]2011] [where a plaintiff fails to object to an EUO request at the time it is requested, the plaintiff's objections to the request may not be raised for the first time during litigation]). In any event, the no-fault regulations provide that an insurer may request that a provider submit to an EUO as may reasonably be required (see 11 NYCRR 65-1.1 [b]) and, here, defendant demonstrated that the requests for the EUOs at issue pertain to claims which it had received after the January 11, 2013 EUO had been conducted.
Upon a review of the record, we find that the affidavits submitted by defendant established that the EUO scheduling letters and the denial of claim forms had been timely mailed in accordance with defendant's standard office practices and procedures (see St. Vincent's Hosp. of Richmond, 50 AD3d 1123). Furthermore, defendant established, based upon the personal knowledge of the attorney who was responsible for conducting the EUOs at issue, that plaintiff had failed to appear for either of the duly scheduled EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]).
We note that the District Court stated that it was granting defendant's motion because "defendant's verification request remained outstanding[,] leaving the defendant insurer under no obligation to pay or deny the claim rendering the plaintiff's claim for payment premature." Thus, the District Court's dismissal of the complaint was implicitly without prejudice. However, an appearance at an EUO "is a condition precedent to the insurer's liability on the policy" (Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720, 722 [2006]), and defendant timely denied the claims at issue on that ground. As a result, upon searching the record (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106 [1984]), we find that defendant is entitled to summary judgment dismissing the complaint with prejudice.
We further note that there is no merit to plaintiff's argument that the order of the District Court should be reversed because it was not made in accordance with CPLR 4213 (b), as that statute pertains to decisions after a bench trial. The record shows that the court determined the parties' motion and cross motion in accordance with CPLR 2219 (a), the applicable statute.
Accordingly, the order is modified by providing that, upon searching the record, defendant's motion for summary judgment dismissing the complaint with prejudice is granted.
Iannacci, J.P., Tolbert and Brands, JJ., concur.