■ MICHAL G. CIECHORSKI, Appellant, v CITY OF NEW YORK et al., Respondents. [62 NYS3d 60]—

Order, Supreme Court, New York County (Debra A. James, J.), entered July 14, 2016, which, insofar as appealed from as limited by the briefs, granted the motion of defendant Hudson Meridian Construction Group, LLC (Hudson) for summary judgment dismissing plaintiff's common-law negligence and Labor Law §§ 200 and 240 (1) claims as against it, granted the cross motion of defendants City of New York and New York City Economic Development Corporation (EDC) for summary judgment dismissing the Labor Law § 240 (1) claims as against them, and denied plaintiff's cross motion for partial summary judgment on the Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Plaintiff has abandoned his Labor Law § 240 (1) claims as against EDC and Hudson by failing to address the motion court's conclusion that those particular defendants could not be held liable for any violations of the statute.

The motion court correctly dismissed the Labor Law § 240 (1) claim as against the City of New York, because the statute does not cover plaintiff's injury, namely pain allegedly caused by his repeated work, over the course of weeks, of being handed

heavy buckets filled with epoxy from workers at a higher level and then transporting the buckets by hand on his own level (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]). Plaintiff's assertion that he was required to catch buckets in mid-air, after they were dropped by workers standing on a barge about five or six feet above the float stage where he was standing, is unsupported by the record, even viewed in the light most favorable to him. Plaintiff's own testimony indicates that the barge workers would lean, bend, or kneel as necessary to hand the buckets to plaintiff, who was six feet, five inches, allowing him to grasp each bucket before it was released. Since plaintiff "was exposed to the usual and ordinary dangers of a construction site, and not the extraordinary elevation risks envisioned by Labor Law § 240 (1), [he] cannot recover under the statute" (*Toefer v Long Is. R.R.*, 4 NY3d 399, 407 [2005] [internal quotation marks omitted]).

The motion court also correctly dismissed the Labor Law § 200 and common-law negligence claims as against Hudson, since the evidence showed that the means and methods of the work were determined solely by plaintiff's employer, nonparty Reicon Group LLC (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). The evidence showed that Hudson exercised only general oversight over the performance of the work and site safety conditions, which is "insufficient to trigger liability" (*Singh v Black Diamonds LLC*, 24 AD3d 138, 140 [1st Dept 2005]). Concur—Sweeny, J.P., Moskowitz, Kahn and Gesmer, JJ.