Bautista v Archdiocese of N.Y. (2018 NY Slip Op 03239)





Bautista v Archdiocese of N.Y.


2018 NY Slip Op 03239


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Richter, J.P., Gesmer, Oing, Singh, Moulton, JJ.


23394/14 -6448 6447 6446

[*1]Pedro Bautista, Plaintiff-Respondent-Appellant/Respondent,
v
Archdiocese of New York, etc., et al., Defendants-Appellants-Respondents.
Archdiocese of New York, etc., et al., Third-Party Plaintiffs-Appellants,
v
Hughes & Hughes Contracting Corp., et al., Third-Party Defendants.


Leahey & Johnson, P.C., New York (Peter James Johnson Jr. of counsel), for appellants-respondents/appellants.
Ras Associates, PLLC, Purchase (Luis F. Ras of counsel), for respondent-appellant/respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered June 15, 2017, which denied plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim and defendants' cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant defendants' motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly. Order, same court and Justice, entered August 12, 2016, which denied defendants' motion for a default judgment against third-party defendant Richard Monagh d/b/a Harbor Roofing, unanimously reversed, on the law, without costs, and the motion granted. Appeal from order, same court and Justice, entered June 10, 2016, which granted plaintiff's motion to sever the third-party action from the main action, unanimously dismissed, without costs, as academic.
Defendants made a prima facie showing that the accident in which plaintiff was injured falls within the exemption to Labor Law §§ 240(1) and Labor Law 241(6) for "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240[1]; Labor Law § 241). Plaintiff was repairing a detached garage associated with a church rectory used for both residential and church purposes (see Bartoo v Buell, 87 NY2d 362 [1996]; Muniz v Church of Our Lady of Mt. Carmel, 238 AD2d 101 [1st Dept 1997], lv denied 90 NY2d 804 [1997]). Moreover, the certificate of occupancy indicates that the rectory constituted a dwelling and a private garage (see Thompson v Geniesse, 62 AD3d 541 [1st Dept 2009]). Defendants' failure to plead this affirmative defense in their answer does not mandate the denial of their motion, since plaintiff was not surprised by the defense and fully opposed the motion (see CPLR 3018[b]; Hansen & Co. v Everlast World's Boxing Headquarters Corp., 2 AD3d 266 [1st Dept 2003], lv denied 2 NY3d 702 [2004]; see also Florio v Fisher Dev., 309 AD2d 694, 696 [1st Dept 2003]).
Plaintiff failed to raise issues of fact as to the applicability of the homeowner exemption. His assertion that the garage was exclusively restricted to use by teachers at an elementary school owned by the church is unsupported by the record.
The Labor Law § 200 and common-law negligence claims should be dismissed because [*2]plaintiff's fall from scaffolding involved the means and methods of his work, which were supervised and controlled solely by his employer (see Ciechorski v City of New York, 154 AD3d 413, 414 [1st Dept 2017]; Alvarado v French Council LLC, 149 AD3d 581 [1st Dept 2017]).
Defendants are entitled to a default judgment against third-party defendant Richard Monagh d/b/a Harbor Roofing, against whom they asserted contractual indemnification claims, since they established proper service and made a prima facie showing of their entitlement to judgment (see CPLR 3215; see also Ostroy v Six Sq. LLC, 74 AD3d 693 [1st Dept 2010]).
In view of the foregoing, we need not reach the parties' remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK