Naupari v Murray (2018 NY Slip Op 04945)





Naupari v Murray


2018 NY Slip Op 04945


Decided on July 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2018

Renwick, J.P., Gische, Andrias, Kapnick, Singh, JJ.


6887 111215/11

[*1]Jorge Naupari, Plaintiff-Appellant,
v
Jennifer Murray, et al., Defendants-Respondents, Shearman Cabinets, Inc., et al., Respondents-Appellants, & Z Electrical Maintenance, et al., Defendants.


Monaco & Monaco, LLP, Brooklyn (Frank A. Delle Donne of counsel), for appellant.
Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for Shearman Cabinets, Inc., respondent-appellant.
Farber Brocks & Zane, LLP, Garden City (Charles T. Ruhl of counsel), for NY Custom Home and Remodeling, Inc., respondent-appellant.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for Jennifer Murray, Jordan Murray, Rose Associates, Inc., and The Board of Managers 255 East 74th Street Condominium, respondents.
Sugarman Law Firm LLP, Syracuse (Megan K. Thomas of counsel), for Form Architecture & Interiors, respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered October 5, 2016, which, insofar as appealed from as limited by the briefs, denied that part of the motion of defendant Shearman Cabinets, Inc. (Shearman) for summary judgment dismissing all cross claims sounding in contractual indemnification asserted against it by defendants Board of Managers 225 East 74th Street Condominium (Board), Rose Associates, Inc. (Rose) Jennifer Murray and Jordan Murray (the Murrays), denied the motion of defendant NY Custom Home and Remodeling, Inc. (NY Custom) for summary judgment dismissing the contractual indemnification cross claims as against it, denied plaintiff's cross motion for partial summary judgment on the issue of liability on his Labor Law §§ 240(1) and 241(6) claims against defendants Form Architecture & Interiors (FAI) and Rose, and granted the motions of FAI, Rose, and the Murrays for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to grant Shearman's motion, and to grant NY Custom's motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Plaintiff commenced this action for injuries he sustained when he was working as a painter/plasterer for his nonparty employer, in a unit of a residential condominium. As plaintiff was descending a ladder, the ladder, as well as the rosin paper placed underneath it, shifted, causing plaintiff to fall. The condominium was owned by the Board, Rose was the Board's property manager and the unit was owned by the Murrays. Upon closing on the unit, the Murrays hired FAI as their interior designer. Shearman installed cabinets in the unit and NY Custom installed kitchen doors.
The court properly denied plaintiff's cross motion for partial summary judgment on the [*2]issue of liability on his Labor Law §§ 240(1) and 241(6) claims as against FAI, because FAI was an architectural firm without supervisory authority, and it did not direct or control the work or activities other than providing architectural and design services. The court also properly denied that part of plaintiff's cross motion seeking the same relief as against Rose, because while Rose was the Board's property manager, it did not have authority to supervise and control the work that plaintiff was performing (see Guryev v Tomchinsky, 20 NY3d 194, 198 [2012]; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 293 [2003]).
The court also properly dismissed plaintiff's common-law negligence claims as to all defendants. Plaintiff's accident arose out of the means and manner of his work, which was determined by plaintiff's employer, and defendants did not exert any supervisory control (see Ciechorski v City of New York, 154 AD3d 413, 414 [1st Dept 2017]).
Shearman was entitled to dismissal of the cross claims against it sounding in contractual indemnification, because it was not liable for plaintiff's accident, as it had no connection to plaintiff's work (see Worth Constr. Co., Inc. v Admiral Ins. Co., 10 NY3d 411, 416 [2008]). Moreover, the claims for contractual indemnification against Shearman were based on the main agreement between the Murrays and the Board, to which Shearman was not a signatory. "Under New York law, incorporation clauses in a construction subcontract, incorporating prime contract clauses by reference into a subcontract, bind a subcontractor only as to prime contract provisions relating to the scope, quality, character and manner of the work to be performed by the subcontractor" (Bussanich v 310 E. 55th St. Tenants, 282 AD2d 243, 243 [2001]). For these same reasons, the cross claims for contractual indemnification against NY Custom are dismissed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 3, 2018
CLERK