Ferro Fabricators, Inc. v 1807-1811 Park Ave. Dev. Corp. (2018 NY Slip Op 07184)





Ferro Fabricators, Inc. v 1807-1811 Park Ave. Dev. Corp.


2018 NY Slip Op 07184


Decided on October 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 25, 2018

Friedman, J.P., Kapnick, Webber, Oing, Moulton, JJ.


7465 155201/12

[*1]Ferro Fabricators, Inc., doing business as Greg's Iron Works, Inc., Plaintiff-Respondent,
v
1807-1811 Park Avenue Development Corp., et al., Defendants-Appellants, Country Bank, et al., Defendants.


Sheats & Baily, PLLC, Liverpool (Edward J. Sheats of counsel), for appellant.
Malvina Lin, P.C., Brooklyn (Malvina Lin of counsel), for respondents.



Order, Supreme Court, New York County (Ellen M. Coin, J.), entered October 30, 2017, which, insofar as appealed from as limited by the briefs, denied the cross motion of defendants 1807-1811 Park Avenue Development Corp. and ESF Property, Inc. (collectively defendants) for summary judgment on their counterclaims for breach of contract and willful exaggeration of a mechanic's lien, unanimously affirmed, with costs.
Defendants are not entitled to summary judgment on the their breach of contract counterclaim. The record establishes that any defective work performed by plaintiff had been remediated, and that plaintiff's steel structural work had been satisfactorily completed. Thus, the dispositive issue is whether the contract was breached due to plaintiff's delayed completion of work. However, the affidavits and deposition testimony submitted by both sides raise issues of fact as to whether plaintiff was provided with a schedule of when the work was to be completed, and if so, whether plaintiff failed to comply with it.
Defendants are also not entitled to summary judgment on their counterclaim for willful exaggeration of the mechanic's lien (see Lien Law §§ 39, 39-a). Defendants rely on the seventh and most recent requisition that they received from plaintiff in arguing that only 78% of the work had been completed, and that plaintiff exaggerated the amount of the lien by $274,305.47. Plaintiff, however, produced an eighth requisition that it never submitted to defendants showing that it had completed 97% of the work. It further claims that it subsequently completed the remaining balance of the work totaling $27,810, and did not include that amount in the lien. Defendants do not specifically dispute that plaintiff performed work after the submission of the seventh requisition, but argue that the work reflected in the eighth one should not be included because it was never submitted. We find that the eighth requisition raises an issue of fact as to the true extent of work that plaintiff had performed. Further, the affidavits submitted by the parties raise an issue of fact as to whether plaintiff knowingly included two unapproved change work orders in the amounts of $18,000 and $14,970.47 in the lien. Because the record raises triable issues as to whether plaintiff breached the contract, and the extent of unpaid work performed by plaintiff, plaintiff is not entitled to summary judgment on its lien foreclosure and breach of contract claims. We may consider plaintiff's challenge to the court's denial of its motion for summary judgment on those claims, although plaintiff did not cross-appeal (see [*2]Merritt Hill Vineyards v Windy Hgts. Vineyard , 61 NY2d 106, 110-112 [1984]). However, we will not address its challenge to the court's denial of its request to reject defendants' cross motion as untimely and the dismissal of its quantum meruit and unjust enrichment claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 25, 2018
CLERK