Izquierdo v Amsterdam Ave. Redevelopment Assoc., LLC (2026 NY Slip Op 00085)

Izquierdo v Amsterdam Ave. Redevelopment Assoc., LLC

2026 NY Slip Op 00085

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Rosado, Michael, Hagler, JJ. 

Index No. 159051/18, 5959707/20|Appeal No. 5588-5589-5590-5591|Case No. 2024-05655, 2024-04853, 2025-01578|

[*1]Anthony J. Izquierdo, Respondent-Appellant,
vAmsterdam Avenue Redevelopment Associates, LLC, et al., Appellants-Respondents.
Amsterdam Avenue Redevelopment Associates, LLC, et al., Third-Party Plaintiffs-Appellants-Respondents,
vECD NY, Inc., Also Known as ECDNY, Third-Party Defendant-Respondent.
Amsterdam Avenue Redevelopment Associates, LLC, et al., Second Third-Party Plaintiffs-Appellants-Respondents,
vECD NY, Inc., Also Known as ECDNY, Second Third-Party Defendant-Respondent.

Gallo Vitucci Klar LLP, New York (Debra A. Boccardi of counsel), for appellants-respondents.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for respondent-appellant.
Linton Robinson & Higgins, LLP, New York (Anna A. Higgins of counsel), for respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered on or about August 23, 2024, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Amsterdam Avenue Redevelopment Associates, LLC and Pavarini McGovern, LLC for summary judgment on their claims for unconditional contractual indemnification against third-party defendant ECD NY Inc., also known as ECDNY, and dismissing the Labor Law § 241(6) claim, unanimously modified, on the law, to grant Amsterdam and Pavarini's motion for summary judgment dismissing the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) §§ 23-1.7(d) and (e) and 23-1.21(b)(3)(iv) and (b)(4)(iv), and to grant Amsterdam and Pavarini unconditional contractual indemnification against ECDNY, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered June 28, 2024, which granted ECDNY's motion to compel plaintiff to produce third-party litigation funding documents and information and denied plaintiff's informal cross-motion for a protective order, unanimously dismissed, without costs, as moot. Appeal from order, same court and Justice, entered January 29, 2025, which granted plaintiff's motion for leave to reargue his opposition to ECDNY's motion and, upon reargument, directed plaintiff to produce to the court for in camera review certain litigation funding documents and information, unanimously dismissed, without costs, as taken from a nonappealable order.
As to plaintiff's Labor Law § 241(6) cause of action, plaintiff's deposition testimony that he fell from an extension ladder that linked two floor levels when it moved under him raises triable issues of whether the ladder was not "sound and operable," in violation of 12 NYCRR 23-1.5(c)(3) (see Contreras v 3335 Decatur Ave. Corp., 173 AD3d 496, 497 [1st Dept 2019]). 12 NYCRR 23-1.7(f) is also applicable as the ladder was being used as a means of access between different working levels (cf. Sotarriba v 346 W. 17th St. LLC, 179 AD3d 599, 601 [1st Dept 2020]). Further, triable issues exist on this record as to whether stairways, ramps, or runways had been fully constructed to allow workers to access the floor levels. Plaintiff also properly relies 12 NYCRR 23-1.21(b)(4)(i) as the "portable" ladder was "used as a regular means of access between floors" and required securing or fastening in place.
12 NYCRR 23-1.7(d) and (e) do not apply to this case because the ladder plaintiff fell from did not constitute a floor, passageway, walkway, scaffold, platform, or other elevated working surface within the meaning of those provisions (see D'Angelo v Legacy Yards Tenant LLC, 237 AD3d 607, 608 [1st Dept 2025]; Goya v Longwood Hous. Dev. Fund Co., Inc., 192 AD3d 581, 583 [1st Dept 2021]). Plaintiff abandoned his Labor Law § 241(6) claim insofar as based on 12 NYCRR 23-1.21(b)(3)(iv) and (4)(iv).
As to defendants' motion for summary judgment on their claim for contractual indemnification from plaintiff's employer, ECDNY, the indemnification language in the ECDNY subcontract was broad, encompassing all liability arising in connection with ECDNY's work. Plaintiff's injuries arose from his work for ECDNY on the project, which was sufficient to obligate ECDNY to indemnify the property owner, defendant Amsterdam, and the general contractor, defendant Pavarini, as the motion court found when it granted defendants conditional contractual indemnification against ECDNY (see Guzman v 170 W. End Ave. Assoc., 115 AD3d 462, 463 [1st Dept 2014]). Furthermore, the record demonstrated that plaintiff received his instructions from ECDNY, which provided all the equipment its laborers needed to perform their work(see Alarcon v UCAN White Plains Hous. Dev. Fund. Corp., 100 AD3d 431, 432 [1st Dept 2012]).
Amsterdam and Pavarini further established as a matter of law that they were free from active negligence in causing plaintiff's accident, entitling them to unconditional contractual indemnification from ECDNY (see Naughton v City of New York, 94 AD3d 1, 12 [1st Dept 2012]).
Plaintiff's consent to discontinue his Labor Law § 200 and common-law negligence claims as against both Amsterdam and Pavarini established prima facie that defendants were not actively negligent in causing plaintiff's accident, and ECDNY did not raise an issue of fact as to Pavarini's negligence (see Robles v 635 Owner, LLC, 192 AD3d 604, 605 [1st Dept 2021]). Accordingly, given that "the means and methods of the work were determined solely by plaintiff's employer," ECDNY, and that Pavarini's "general oversight over the performance of the work and site safety conditions" is insufficient to establish negligence (Ciechorski v City of New York, 154 AD3d 413, 414 [1st Dept 2017]), the court should have also granted dismissal of the Labor Law § 241(6) claims predicated on 12 NYCRR §§ 23-1.7(d) and (e) and 23-1.21(b)(3)(iv) and (b)(4)(iv), as to Pavarini.
Plaintiff, who did not appeal the denial of his motion for partial summary judgment on his Labor Law § 240(1) claim, informally requests this Court to search the record and grant such relief. The Court of Appeals has "consistently upheld [this Court's] authority to grant such relief pursuant CPLR 3212(b), even in the absence of an appeal by the nonmoving party" (Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110-111 [1984]). Upon our review of the record, however, the plaintiff's request must be denied.
The record contained two separate incident reports that were prepared by plaintiff's foreman, Carlos Castillo, and Pavarini's safety manager, Jorge Fernandez. These individuals were under a duty to prepare the reports and testified as to their preparation of them. The reports described the cause of plaintiff's accident as his having faced away from the ladder while simultaneously slipping and falling. Those accounts — which plaintiff denies making — controvert plaintiff's testimony that he fell from the ladder when it moved.
Fernandez apparently spoke to the plaintiff in English, not Spanish, when preparing his report. If he had spoken to him in Spanish, the report would have reflected that it had been translated, which it did not. We agree with plaintiff that this report was unreliable and contained hearsay, and standing alone would not prevent an award of summary judgment to plaintiff. However, the report and deposition testimony of his foreman, Castillo, was competent evidence sufficient to preclude partial summary judgment to plaintiff on his Labor Law § 240(1) claim (cf. Pinzon v Royal Charter Props., Inc., 211 AD3d 442, 443 [1st Dept 2022]). The court's decision to review in camera the disputed documents and information before determining whether the discovery requested was relevant to ECDNY's motion to compel is nonappealable because it does not affect a substantial right within the meaning of CPLR 5701(a)(2)(v) (see Garcia v Montefiore Med. Ctr., 209 AD2d 208, 209 [1st Dept 1994]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026