■ JENNIFER WOLF et al., Respondents, v 3540 ROCHAMBEAU ASSOCIATES et al., Appellants. [650 NYS2d 161] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered June 5, 1995, which denied the defendants' amended motion to vacate a default judgment entered January 14, 1993, and directed the matter be set down for an inquest, is unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, the motion is granted and the default is vacated upon the condition that defendants, within 30 days of the service of a copy of this order, pay plaintiffs $500 in sanctions.

The IAS Court erred when it entered judgment by default against defendants as plaintiffs, in support of their motion, failed to provide a complaint verified by the party plaintiffs, rather than plaintiffs' attorney, or an affidavit in support of

the motion executed by a party with personal knowledge of the merits of plaintiffs' claims. Accordingly, the judgment is a nullity (CPLR 3215 [f]; *Feffer v Malpeso*, 210 AD2d 60, 61; *Mullins v DiLorenzo*, 199 AD2d 218, 219). Further, we also find that plaintiffs' failure to provide the foregoing could not be cured by testimony at the inquest on the issue of damages (*Gerhardt v J & R Salacqua Contr. Co.*, 181 AD2d 719, 720). Since the judgment is a nullity, we need not consider the issues of excusable default and the presence or absence of meritorious defenses.

Notwithstanding the foregoing, we impose sanctions upon defendants as the result of their blatant disregard for court procedures with regard to their delay in answering the motion for a default judgment and their dilatory tactics in appearing at a traverse hearing. Concur—Rosenberger, J. P., Ellerin, Wallach, Tom and Andrias, JJ.