■ Augusto Francisco, Respondent, v Oscar Soto et al., Appellants. [729 NYS2d 889] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about January 17, 2001, which denied defendants' motion to vacate a default judgment, entered on or about October 10, 2000, which had set the matter down for an inquest, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and the default judgment vacated on condition that defendants pay plaintiff $500 in costs within 20 days of the service of a copy of this order with notice of entry, and thereafter serve an answer within 30 days of such payment. If the foregoing conditions are not met, the order is affirmed.

The motion court erred when, without any elaboration, it entered judgment by default against defendants as plaintiff, in support of his motion, failed to submit a verified complaint, or an affidavit executed by a party with personal knowledge of the merits of plaintiff's claims. Accordingly, the judgment is a nullity (CPLR 3215 [f]; *Wolf v 3540 Rochambeau Assocs.*, 234 AD2d 6; *Feffer v Malpeso*, 210 AD2d 60; *Income Prop. Consultants v Lumat Realty Corp.*, 88 AD2d 582), and we further find that the foregoing could not be cured by testimony at the inquest on the issue of damages (*Wolf v 3540 Rochambeau Assocs.*, *supra*, at 7; *Gerhardt v J & R Salacqua Contr. Co.*, 181 AD2d 719, 720).

We impose costs upon defendants, however, as the result of their failure to timely answer the complaint and their delay in moving to vacate the default judgment. Concur—Sullivan, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.