■ VINCENTE BELTRE, Respondent, v DAVID BABU, Defendant, and SAMUEL PAPPY et al., Appellants. [821 NYS2d 69]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered May 18, 2005, which denied as untimely defendants

Pappy and Crestdale Realty's motion to vacate a default judgment and dismiss the complaint against them, unanimously reversed, on the law, without costs, the motion granted to the extent of vacating the default, and the matter remanded for further proceedings.

Plaintiff commenced this personal injury action against defendants by service of a complaint verified by his counsel on or about March 19, 2002. Plaintiff alleged defendants owned, managed, or controlled the premises located at 410 East 136th Street in the Bronx, where he allegedly fell in an unlit stairwell, fracturing his ankle.

Defendants did not appear, and on April 10, 2002, plaintiff's counsel served notices of default upon defendants. Although defendant Pappy consulted with an attorney, no answer was ever submitted.

After a number of adjournments, on or about October 28, 2002, plaintiff's motion for a default judgment was granted. Plaintiff's counsel mailed defendants a copy of the judgment on or about November 8. An inquest on damages was held on August 22, 2003, at which time no defendants appeared. The court determined that plaintiff was entitled to damages in the amount of $75,000. Judgment was entered on August 2, 2004.

By motion dated November 8, 2004 but entered in the Bronx County Clerk's office on December 3, Pappy and Crestdale Realty moved, inter alia, to stay enforcement and vacate the default judgment, and dismiss the complaint against them. The court's decision, entered May 18, 2005, agreed with plaintiff's opposition that the motion was untimely, more than one year having expired from the date of the service of the judgment of default with notice of entry upon defendants. Moreover, the court determined that defendants did not demonstrate excusable default or a meritorious defense. This appeal by Pappy and Crestdale Realty followed.

We have consistently held that a complaint verified by counsel is purely hearsay, devoid of evidentiary value, and thus insufficient to support entry of a judgment pursuant to CPLR 3215 (*see Feffer v Malpeso*, 210 AD2d 60, 61 [1994]; *Joosten v Gale*, 129 AD2d 531, 534-535 [1987]). Indeed, a judgment entered without a complaint verified by someone or an affidavit executed by a party with personal knowledge of the merits of the claim renders that judgment a nullity (*Francisco v Soto*, 286 AD2d 573 [2001]). This defect cannot be cured by testimony at an inquest (*Wolf v 3540 Rochambeau Assoc.*, 234 AD2d 6, 7 [1996]).

Here, plaintiff's papers in support of his motion for a default

judgment against Pappy and Crestdale Realty contained neither a complaint nor an affidavit from someone with personal knowledge of the facts asserted in the complaint, thus rendering it a nullity. Plaintiff's testimony at the inquest was taken after the default judgment was entered, and thus was insufficient to support the judgment. "Absent a complaint or affidavit sworn to by a person with personal knowledge of the facts, defendants were not required to show either a reasonable excuse or a meritorious defense" (*Saks v New York City Health & Hosps. Corp.*, 302 AD2d 213, 213 [2003]. Concur—Mazzarelli, J.P., Andrias, Gonzalez, Sweeny and McGuire, JJ.