*49 OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, affirmed without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment. Defendant opposed the motion and moved for summary judgment dismissing the complaint, arguing that a conflict of law analysis required the application of New Jersey law, pursuant to which plaintiffs complaint should be dismissed on the ground that the supplies provided were not medically necessary. By order dated March 13, 2008, the District Court denied both motions. The instant appeal by plaintiff ensued.
There is no dispute that a conflict exists between New York law and New Jersey law with respect to the issues raised herein. New York law requires a claim for no-fault benefits to be timely and properly denied on a prescribed NF-10 denial of claim form (see Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 11 AD3d 664 [2004]; Mount Sinai Hosp. v Triboro Coach, 263 AD2d 11 [1999]), does not permit insurer’s delay letters, which request no verification, to toll the statutory period in which a claim must be paid or denied (see Nyack Hosp. v Encompass Ins. Co., 23 AD3d 535 [2005]; Ocean Diagnostic Imaging P.C. v Citiwide Auto Leasing Inc., 8 Misc 3d 138[A], 2005 NY Slip Op 51314[U] [App Term, 2d & 11th Jud Dists 2005]), and provides that the defenses of lack of medical necessity and provider fraud are precluded if not timely and properly asserted (see Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556 [2008]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 282 [1997]; Melbourne Med., P.C. v Utica Mut. Ins. Co., 4 Misc 3d 92 [App Term, 2d & 11th Jud Dists 2004]). New Jersey law, on the other hand, permits the defense of lack of medical necessity to be raised at any time (see Kowaleski v Allstate Ins. Co., 238 NJ Super 210, 218, 569 A2d 815, 819 [1990]).
A conflict of law relating to an insurance policy must be resolved by applying the conflict of law rules relevant to contracts (see Zurich Ins. Co. v Shearson Lehman Hutton, 84 NY2d 309, 319 [1994]; Matter of Allstate Ins. Co. [Stolarz — New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 226 [1993]). The Court of Appeals has adopted a “center of gravity” or “grouping of contacts” approach (Auten v Auten, 308 NY 155, 160 [1954]), which gives controlling effect to the law of the state that has “the most significant relationship to the transaction and the *50 parties” (Restatement [Second] of Conflict of Laws § 188 [1]). In addition to the traditional determinative factor of the place of contracting, which should be given “heavy weight” in a grouping of contacts analysis (see Haag v Barnes, 9 NY2d 554, 560 [1961]), the places of negotiation and performance, the location of the subject matter of the contract, and the domicile or place of business of the contracting parties are also to be considered (see Zurich Ins. Co., 84 NY2d at 319; Restatement [Second] of Conflict of Laws § 188 [2]). The accident herein occurred in New York. The relevant insurance policy was negotiated and entered into in New Jersey by the insureds who lived in New Jersey, for a vehicle which was garaged and registered in New Jersey. The assignor, who was driving the insureds’ vehicle at the time of the accident, also resided in New Jersey.
While “strong governmental interests . . . [may] be considered” (Matter of Allstate Ins. Co. [Stolarz — New Jersey Mfrs. Ins. Co.], 81 NY2d at 226), we find that governmental policy is not an overriding factor under the circumstances presented herein (see e.g. Matter of Eagle Ins. Co. v Singletary, 279 AD2d 56 [2000]). Therefore, upon the application of a “center of gravity” or “grouping of contacts” analysis, we find that the dispositive factors weigh in New Jersey’s favor and, therefore, its law should control (see e.g. Scotland v Allstate Ins. Co., 35 AD3d 584 [2006]; Matter of Eagle Ins. Co. v Singletary, 279 AD2d at 56). Consequently, since defendant is not precluded from raising the defense of lack of medical necessity under New Jersey law, defendant raised a triable issue of fact. Accordingly, the District Court’s order, insofar as appealed from, is affirmed.
Tanenbaum, J.E, Molía and LaCava, JJ., concur.