*1020 OPINION OF THE COURT
Fred J. Hirsh, J.
Plaintiff moves for leave to enter a default judgment.
Background
This case presents the issue of whether a no-fault insurance carrier that has paid no-fault benefits can sue a provider to recover no-fault benefits paid on a fraudulent claim.
Andrey Armstrong was injured in an automobile accident on September 5, 2008.
On October 4, 2008 and October 9, 2008, Alev Medical Supply, Inc. purportedly provided medical supplies to Armstrong. Armstrong assigned his right to no-fault benefits for these items to Alev.
Alev submitted the bills for these medical supplies to the plaintiff Lincoln General Insurance Company. Lincoln provided no-fault insurance benefits for Armstrong for claims arising out of Armstrong’s September 5, 2008 motor vehicle accident.
Lincoln received the bills from Alev on November 10, 2008.
Lincoln paid the bills in part and denied the bill in part on December 4, 2008. Lincoln issued checks to Alev for the portions of the bills it paid and issued denials for the balance of the bills. Lincoln denied a portion of the bills on the grounds the charges for the medical supplies and equipment were not in accordance with the no-fault payment schedule (11 NYCRR part 68).
Alev received and deposited the checks issued in payment of the claims.
On December 18, 2008, Armstrong testified at an examination under oath (11 NYCRR 65-1.1 [d]) that he never received any of the equipment Alev claims it provided to him, for which Alev billed Lincoln and for which Lincoln paid.
Lincoln commenced this action seeking to recover the money it paid to Alev on the claim.
Alev has defaulted in the action. Lincoln now moves for leave to enter a default judgment.
Discussion
An insurer has 30 days from receipt of a no-fault claim to pay or deny the claim. (Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312 [2007]; Kingsbrook Jewish Med. Ctr. v *1021 Allstate Ins. Co., 61 AD3d 13 [2d Dept 2009]; 11 NYCRR 65-3.8 [a] [1].)
An insurer’s time to pay or deny a claim is tolled or extended if the insurer timely requests verification and/or upon receipt of the verification, timely requests additional verification of the claim. (St. Barnabas Hosp. v American Tr. Ins. Co., 57 AD3d 517 [2d Dept 2008]; Central Suffolk Hosp. v New York Cent. Mut. Fire Ins. Co., 24 AD3d 492 [2d Dept 2005], lv denied 7 NY3d 704 [2006].)[1] When an insurer timely requests additional verification, the 30-day period in which to pay or deny the claim is tolled pending receipt of the additional verification. (Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., supra; Montefiore Med. Ctr. v Government Empls. Ins. Co., 34 AD3d 771 [2d Dept 2006].)
Lincoln did not request verification of the claim submitted by Alev.
With limited exceptions, none of which are relevant to this case, an insurer is precluded from raising defenses including fraud not asserted in a timely denial. (Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556 [2008]; Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., supra; Careplus Med. Supply, Inc. v Selective Ins. Co. of Am., 25 Misc 3d 48 [App Term, 9th & 10th Jud Dists 2009].)
Lincoln could have denied the claim on the grounds it was fraudulent. (Fair Price Med. Supply Corp. v Travelers Indem. Co., supra.) Lincoln did not. It paid the claim in part and denied the claim in part. The denial of the claim was based not upon fraud but upon the charges not being in accordance with the no-fault payment schedule.
The purpose of the No-Fault Law is “to ensure prompt compensation for losses incurred by accident victims without regard to fault or negligence, to reduce the burden on the courts and to provide substantial premium savings to New York motorists.” (Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 860 [2003]; see Fair Price Med. Supply Corp. v Travelers Indem. Co., supra; Hospital for Joint Diseases v Travelers Prop. *1022 Cas. Ins. Co., supra.) An insurer can contest an illegitimate or fraudulent claim, but it must do so within the strict time periods and processes established by the No-Fault Law and regulations. (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997].)
The core objective of the No-Fault Law and regulations is “to provide a tightly timed process of claim, disputation and payment.” (Id. at 281; see LMK Psychological Servs., P.C. v State Farm Mut. Auto. Ins. Co., 12 NY3d 217 [2009].)
Permitting Lincoln to recover in this action would allow an insurer to avoid or evade the time restrictions of the No-Fault Law and regulations by paying and then investigating a claim and suing to recover the previously paid benefits if the investigation reveals the claim was fraudulent. To permit this would subvert the entire no-fault system which establishes strict time limits by which an insurer must process, dispute and pay a claim.
The No-Fault Law and regulations require insurers to promptly investigate and pay claims. The regulations provide insurers with the verification process in order to obtain additional information designed to ferret out illegitimate or fraudulent claims.
While the 30-day period plus any applicable tolls for paying or denying a claim may be “too short a time frame in which to detect billing fraud, any change is up to the Legislature.” (Fair Price Med. Supply Corp. v Travelers Indem. Co. at 565.)
All bases that an insurer has for denying a no-fault claim, except for specific and limited exceptions, must be raised in a timely denial.[2] The only way an insurer can avoid paying a fraudulent no-fault claim is to deny the claim as fraudulent in a timely denial and to assert and prove the defense at trial. (Id.; Lenox Hill Radiology & MIA, P.C. v Global Liberty Ins. Co. of N.Y., 24 Misc 3d 1225[A], 2009 NY Slip Op 51620[U] [Civ Ct, Richmond County 2009].)
*1023 One of the elements of an application for leave to enter a default judgment is proof of a cause of action against the defendant. (Francisco v Soto, 286 AD2d 573 [1st Dept 2001]; Joosten v Gale, 129 AD2d 531 [1st Dept 1987]; Siegel, NY Prac § 295 [4th ed].) Lincoln’s complaint fails to state a claim upon which relief can be granted.
Nothing in this decision precludes Lincoln from reporting this apparent insurance fraud (Penal Law art 176) to the appropriate law enforcement authorities or from obtaining restitution should Alev be prosecuted and found guilty of insurance fraud in connection with this claim. (Penal Law § 60.27.)
For the foregoing reasons, plaintiffs motion for leave to enter a default judgment is denied. The action is dismissed.

. An insurer that seeks additional information about a claim can obtain verification by sending the claimant a request for verification within 10 business days of receipt of the claim. (11 NYCRR 65-3.5 [a].) Upon receipt of the initial verification, an insurer can seek additional information or proof regarding the claim by sending the claimant a request for additional verification within 15 business days of receipt of the prescribed verification forms. (11 NYCRR 65-3.5 [b].)

. An insurer is not precluded from raising the defenses of no coverage (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195 [1997]) fraudulent incorporation (State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005]), and staged accident (Central Gen. Hosp. v Chubb Group of Ins. Cos., supra; Matter of Allstate Ins. Co. v Massre, 14 AD3d 610 [2d Dept 2005]; V.S. Med. Servs., P.C. v Allstate Ins. Co., 11 Misc 3d 334 [Civ Ct, Kings County 2006]) if such defenses are not asserted in a timely denial. Although generally not considered a defense not subject to preclusion if not asserted in a timely denial, an insurer cannot be required to pay more than the no-fault policy limits. (Hospital for Joint Diseases v State Farm Mut. Auto. Ins. Co., 8 AD3d 533 [2d Dept 2004].)