OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is reversed without costs, and defendant GEICO Casualty Insurance Co.’s cross motion for summary judgment dismissing the complaint as against it is denied.
In this action by providers to recover assigned first-party no-fault benefits, plaintiffs moved for summary judgment. Defendant GEICO Casualty Insurance Co. opposed the motion and cross-moved for summary judgment dismissing the complaint as against it on the ground that the matter raised a dispute of priority of payment as between insurers, which was subject to mandatory arbitration pursuant to Insurance Law § 5105, and that plaintiffs had failed to state a cause of action. The District Court granted defendant GEICO’s cross motion for summary judgment dismissing the complaint as against it and denied plaintiffs’ motion for summary judgment as academic. As limited by their brief, plaintiffs appeal from so much of the order as granted GEICO’s cross motion.
On July 23, 2005, Leon Regis, plaintiffs’ assignor, was injured in an accident in New York while driving a vehicle registered to Sandra Dixon, a New Jersey resident. The record is unclear as to whether the vehicle was insured by defendant Mercury Indemnity Insurance Company of America or by Mercury Insurance Group. After Mercury Insurance Group received an NF-2 form on Mr. Regis’s behalf, it notified plaintiffs that although Mr. Regis was driving Ms. Dixon’s vehicle at the time of the accident, he was not entitled to no-fault benefits under her Mercury Insurance Group policy since he was neither listed on her insurance policy nor a resident relative of the insured. However, plaintiffs were advised to contact Mr. Regis’s counsel since it appeared that Mr. Regis may have been entitled to coverage “as a named insured or member of the named insured’s family residing in his household under the terms of another policy” (NJ Stat Ann § 39:6A-7 [b] [3]). Shortly thereafter, plaintiffs determined that there was another policy under which Mr. Regis might be entitled to no-fault benefits, and thereafter *54 notified GEICO of the claims. By letter of November 11, 2005, GEICO acknowledged receipt of a “Notification of Commencement of Treatment” for Mr. Regis, but stated that Mr. Regis had “undetermined eligibility” (see NJ Admin Code § 11:3-25.3 [f]) for no-fault benefits afforded under GEICO’s policy with the insured, Larry Goodwin, a New Jersey resident (who is apparently Mr. Regis’s father). That policy was also issued in New Jersey. In an accompanying letter of the same date, GEICO described the no-fault claims procedure used for those seeking benefits under New Jersey policies. Ultimately, GEICO, in a letter dated March 17, 2006, denied no-fault benefits under its policy issued to Mr. Goodwin. Thereafter, plaintiffs brought the instant action, claiming that payment of no-fault benefits was overdue. Plaintiffs, alleging that Mercury Indemnity Insurance Company of America was not subject to jurisdiction in New York, since it did not appear in the “Insurance Company Search” section of the Web site maintained by the New York State Department of Insurance, only served process on GEICO. Plaintiffs ultimately sought summary judgment against GEICO, claiming that the vehicle which Mr. Regis drove should be treated as an uninsured vehicle, and that GEICO was therefore responsible for payment of no-fault benefits.
In the instant case, there is a conflict between New Jersey law and New York law with respect to the procedure involving the submission of claims. In Careplus Med. Supply, Inc. v Selective Ins. Co. of Am. (25 Misc 3d 48 [App Term, 9th & 10th Jud Dists 2009]), this court, faced with a similar conflict in an action by a provider to recover assigned first-party no-fault benefits, followed the “center of gravity” or “grouping of contacts” approach adopted by the Court of Appeals in Auten v Auten (308 NY 155 [1954]), which gives controlling effect to the law of the state that has “the most significant relationship to the transaction and the parties” (Restatement [Second] of Conflict of Laws § 188 [1]). In addition to the traditional determinative factor of the place of contracting, which should be given “heavy weight” in a grouping of contacts analysis (see Haag v Barnes, 9 NY2d 554, 560 [1961]), the places of negotiation and performance, the location of the subject matter of the contract, and the domicile or place of business of the contracting parties are also to be considered (see Zurich Ins. Co. v Shearson Lehman Hutton, 84 NY2d 309, 317 [1994]; Restatement [Second] of Conflict of Laws § 188 [2]).
We find, upon the application of a “center of gravity” or “grouping of contacts” analysis, that the dispositive factors *55 weigh in favor of New Jersey, and that its law should control (see Careplus Med. Supply, Inc., 25 Misc 3d 48 [2009]). Although the accident occurred in New York, the vehicle involved in the accident was registered in New Jersey to an insured who lived in New Jersey. The relevant insurance policies were apparently entered into in New Jersey either by Sandra Dixon, who resided in New Jersey, or by GEICO’s insured, who also resided in New Jersey. There is a question of fact as to which insurer is responsible for payment since the record does not establish as a matter of law that plaintiffs’ assignor was a resident relative of a New Jersey insured. Indeed, there are numerous issues of fact which must be resolved at trial under New Jersey law. Consequently, GEICO is not entitled to summary judgment dismissing the complaint as against it.
Accordingly, the order, insofar as appealed from, is reversed, and GEICO’s cross motion for summary judgment dismissing the complaint as against it is denied.
Nicolai, EJ., Molía and Iannacci, JJ., concur.