**ACM MCC VI LLC v Able Liquidation Three**

2025 NY Slip Op 31548(U)

April 29, 2025

Supreme Court, New York County

Docket Number: Index No. 657261/2019

Judge: Robert R. Reed

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 43

----------------------------------------------------------------------------X

ACM MCC VI LLC,

|  |  |
|---|---|
| **INDEX NO.** | 657261/2019 |

Plaintiff,

|  |  |
|---|---|
| **MOTION DATE** | 01/31/2022 |

- v -

ABLE LIQUIDATION THREE, THOMAS ROSSI, JOHN
DOES,

|  |  |
|---|---|
| **MOTION SEQ. NO.** | 005 |

Defendant.

**DECISION + ORDER ON
MOTION**

----------------------------------------------------------------------------X

**HON. ROBERT R. REED:**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 71, 72, 73, 74, 75,
76, 77, 78, 79, 81

were read on this motion for                              JUDGMENT - DEFAULT                              .

In this breach of contract action, plaintiff moves, for the third time, for default judgment

against defendant Thomas Rossi.

**Background**

According to the complaint, nonparty Merchant Cash and Capital, LLC d/b/a BizFi

Funding (MCC) was a finance company that offered cash advances to merchants in exchange for

future revenue streams from those merchants. Plaintiff ACM MCC VI LLC (ACM) was a secured

lender to MCC. MCC faced financial troubles, and at a public foreclosure sale in 2018, ACM

purchased the assets, advances, and rights to cash collections and monies owed to MCC.

Defendants Able Liquidation Three (Able) and its principal, Rossi, were hired by MCC

as collection agents to recover advances from merchants who were delinquent or in default of

their obligations. Defendants, purporting to act on behalf of MCC or plaintiff, entered into nine

settlement agreements for $992,000 with merchants who were delinquent on their advances.

Defendants purportedly collected $841,665 under the settlement agreements but remitted only

**657261/2019  ACM MCC VI LLC vs. ABLE LIQUIDATION THREE**                                    **Page 1 of 4**
**Motion No.  005**

1 of 4

$34,000 to MCC and its affiliates. It is alleged that defendants obtained funding for the merchants to assist with paying off the merchants' obligations to MCC and plaintiff, but instead diverted the funds and then paid themselves "fees" for the transactions.

Plaintiff commenced this action on December 6, 2019 by filing a summons and complaint for (1) breach of fiduciary duty and aiding and abetting breach of fiduciary duty; (2) breach of contract; (3) unjust enrichment; (4) conversion; and (5) an accounting.

Plaintiff previously moved twice before this court for default judgments (motion seq. nos 002, 004). The first motion was denied without prejudice. The court (Sherwood, J.), determined that the motion lacked sufficient proof of the facts constituting the claim, including a copy of the alleged collection agreement between MCC and defendants, and proof of additional service of the summons and complaint as required by CPLR 3215 (g) (4) (i).

The second motion for default was granted to the extent of granting plaintiff judgment on the issue of the liability of defendant Able on the second, third, and fourth causes of action, with the court directing that an inquest occur against Able at the time of trial. The motion against defendant Thomas Rossi was denied for plaintiff's failure to comply with CPLR 3215 (g) (3) (i) (NYSCEF doc. no. 68).

Plaintiff now moves for again for default judgment against defendant Thomas Rossi. No opposition to the motion was filed.

## Discussion

It is well settled that an application for a default judgment must be supported with "proof of service of the summons and the complaint[,] ... proof of the facts constituting the claim, [and] the default" (CPLR 3215 [f]). "[A] complaint verified by someone or an affidavit executed by a

**657261/2019  ACM MCC VI LLC vs. ABLE LIQUIDATION THREE**
**Motion No.  005**

**Page 2 of 4**

2 of 4

party with personal knowledge of the merits of the claim" satisfies this statutory requirement (*Beltre v Babu*, 32 AD3d 722, 723 [1st Dept 2006]).

An affidavit of service sworn to on December 14, 2019, attests that Rossi was served on December 13, 2019 at 2 Indian Hill Court, Dix Hills, New York 11746 (NYSCEF doc no. 74). Rossi was served with additional service, pursuant to CPLR 3215 (g) (3) (i) on November 17, 2021, when a copy of the Summons and Complaint was mailed to Rossi's place of residence in an unmarked envelope bearing the legend "Personal and Confidential," without any indication on the outside of the envelope that the communication is from an attorney or concerns an alleged debt (NYSCEF doc. no. 76). Finally, plaintiff affirmed that Rossi was not in the military at the time of service of the summons and complaint (NYSCEF doc. no. 78). Plaintiff demonstrated that Rossi was served with the summons and complaint and that his time to answer or otherwise appear in the action has expired.

As to the merits, plaintiff relies upon the prior finding of this court, that "[p]laintiff has demonstrated the merits of its second, third and fourth causes of action" (NYSCEF doc. no. 68, pg. 6). The court relies on its prior decision regarding the sufficiency of the evidence submitted in support of default judgment (*People v Evans*, 94 NY2d 499, 503 [2000][law of the case is a judicially crafted policy that "expresses the practice of courts generally to refuse to reopen what has been decided]).

Here, the court finds that plaintiff has demonstrated its entitlement to entry of a default judgment on liability against defendant Rossi. By defaulting, a defendant admits all traversable allegations contained in the complaint, and concedes liability, but not damages (*HF Mgt. Servs. LLC v Dependable Care, LLC*, 198 AD3d 457 [1st Dept 2021]). In accordance with this court's prior decision, the court directs that an inquest be scheduled for the assessment of damages.

**657261/2019   ACM MCC VI LLC vs. ABLE LIQUIDATION THREE**
**Motion No.  005**

Page 3 of 4

Accordingly, it is hereby

ORDERED that plaintiff's motion for default against defendant Thomas Rossi is granted in all respects, and it is further

ORDERED that plaintiff shall contact the clerk of Part 43 (SFC-Part43 Clerk@nycourts.gov; SFC-Part43@nycourts.gov) to schedule an inquest on damages.

4/29/25
**DATE**

ROBERT R. REED, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**657261/2019 ACM MCC VI LLC vs. ABLE LIQUIDATION THREE**
**Motion No. 005**

**Page 4 of 4**

4 of 4