**Nationwide Commercial & Indus. Surfaces v Tectonic Bldrs. Inc.**

2025 NY Slip Op 31982(U)

June 3, 2025

Supreme Court, New York County

Docket Number: Index No. 158860/2022

Judge: Ashlee Crawford

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. ASHLEE CRAWFORD**          PART          38

*Justice*

------------------------------------------------------------------X

NATIONWIDE COMMERCIAL & INDUSTRIAL SURFACES,

INDEX NO.           158860/2022

Plaintiff,

MOTION DATE         05/10/2024

- v -

MOTION SEQ. NO.        002

TECTONIC BUILDERS INC. and ANTHONY MCKENNEY,

**DECISION + ORDER ON**
**MOTION**

Defendants.

------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 108, 111, 112

were read on this motion to/for                    JUDGMENT - DEFAULT                    .

Plaintiff Nationwide Commercial & Industrial Surfaces moves, pursuant to CPLR § 3215, for a default judgment against defendants Tectonic Builders Inc. and Anthony McKenney. Defendants oppose the motion and cross-move, pursuant to CPLR §§ 308, 2004, 3012(d) and 5015, for an order deeming their answer timely served or, in the alternative, granting them leave to serve a late answer, vacating their default, and scheduling a trial on the merits. For the reasons set forth below, both the motion and cross-motion are denied.

## Background

McKenney is the president of Tectonic, a domestic business corporation and contractor (NYSCEF Doc No. 64 [Amended Complaint] ¶¶ 2-4; NYSCEF Doc. No. 92 [McKenney Affidavit] ¶ 1). As alleged, Tectonic retained plaintiff to perform construction work and provide materials at the premises located at 57-63 Greene Street, New York, New York (Block 486, Lot 1201), and plaintiff completed this work between June 8 and June 15, 2022 (Am. Compl. ¶¶ 3, 7;

**158860/2022  NATIONWIDE COMMERCIAL & INDUSTRIAL SURFACES vs. TECTONIC**          **Page 1 of 8**
**BUILDERS INC ET AL**
**Motion No. 002**

1 of 8

[* 1]

McKenney Affid. ¶¶ 3-5). Plaintiff alleges that Tectonic accepted its work but failed to fully pay the agreed-upon price of $70,008, leaving a balance due of $56,743.50 (Am. Compl. ¶ 8).

On July 18, 2022, plaintiff filed a notice of mechanic's lien in the amount of $56,743.50 and a notice of pendency (NYSCEF Docs. 3, 59). Plaintiff commenced this action against defendants and several others on October 17, 2022 by filing a summons and complaint asserting causes of action for mechanic's lien foreclosure, violation of article 3-A of the Lien Law, breach of contract, account stated, quantum meruit, unjust enrichment; and sanctions and attorneys' fees (NYSCEF Doc No. 58 [Original Complaint]).

Tectonic paid $57,863 into Court on August 19, 2022, and requested that plaintiff remove the notice of pendency filed against the premises and remove the unnecessary parties from the caption (NYSCEF Doc No. 60). Plaintiff's counsel asked whether defendants' counsel would agree to accept service on behalf of both defendants (NYSCEF Doc No. 65 at 2). Defendants' counsel, in response, agreed to "accept service on behalf of Tectonic and Anthony McKenney. Please forward a stip and I'll acknowledge service" (id., at 1).

On October 26, 2022, plaintiff sought to file a supplemental summons and amended complaint asserting the same causes of action (NYSCEF Doc No. 14). The Clerk, citing CPLR 1003, rejected the filing on the ground that a court order or so-ordered stipulation was necessary to change the caption, and instructed plaintiff to refile the documents once it had secured a court order or so-ordered stipulation (NYSCEF Doc No. 67). The Court (Nock, J.) so-ordered a stipulation on July 27, 2023 that discontinued the action with prejudice against all parties other than defendants, and amended the caption accordingly (NYSCEF Doc No. 76).

According to the affidavit of service sworn to September 11, 2023, plaintiff's process server served Tectonic pursuant to CPLR 311 by delivering a notice of electronic filing, the

158860/2022  NATIONWIDE COMMERCIAL & INDUSTRIAL SURFACES vs. TECTONIC
BUILDERS INC ET AL
Motion No. 002

Page 2 of 8

2 of 8

[* 2]

supplemental summons and the amended complaint to "Mike V.," an "Office Manager," at 501 Ashford Ave., Ardsley, New York, at 7:52 a.m. on September 8, 2023 (NYSCEF Doc No. 79), and mailed an additional copy of those papers to Tectonic at that address three days later (NYSCEF Doc No. 81). Plaintiff filed the affidavit of service with the Court on September 12, 2023 (NYSCEF Doc No. 28).

Plaintiff's process server averred that he served McKenney by substituted service pursuant to CPLR 308(2) by delivering a notice of electronic filing, the supplemental summons and the amended complaint to "Mike V.," an "Office Manager," at McKenney's actual place of business located at 501 Ashford Ave., Ardsley, New York 10502, at 7:52 a.m. on September 8, 2023 (NYSCEF Doc No. 29).[1] Plaintiff's process server mailed the same papers to McKenney at that same address three days later and filed the affidavit of service with the court on September 12, 2023 (*id.*).

On October 19, 2023, defendants interposed an answer asserting several affirmative defenses and four counterclaims (NYSCEF Doc No. 35). Plaintiff rejected service of the late answer (NYSCEF Doc No. 36), prompting defendants to move, by order to show cause, to excuse their default (NYSCEF Doc No. 44). On April 4, 2024, the Court (Nock, J.) declined to sign the proposed order to show cause as "[n]o judgment has been issued. Applicant may apply for leave to have its belated Answer + Counterclaims accepted by the court, subject to opposition by plaintiff" (NYSCEF Doc No. 53).

Plaintiff now moves for leave to enter a default judgment against defendants for their failure to timely answer, respond or otherwise appear in this action. In support, plaintiff submits,

---

[1] Although plaintiff did not submit a copy of this affidavit to its motion, the court takes judicial notice of the affidavit filed on NYSCEF (*Juman v Cape Church Assoc., LLC*, 234 AD3d 551, 552 [1st Dept 2025]; *Kazantzis v Cascade Funding RM1 Acquisitions Grantor Tr.*, 217 AD3d 410, 411 [1st Dept 2023]).

158860/2022  NATIONWIDE COMMERCIAL & INDUSTRIAL SURFACES vs. TECTONIC          Page 3 of 8
BUILDERS INC ET AL
Motion No. 002

3 of 8

among other exhibits, the amended complaint, correspondence between counsel, and an affidavit from one of plaintiff's officers, Thomas Nissen, who attests that there remains an agreed balance of $56,743.50 for the construction work performed and the materials furnished to plaintiff (NYSCEF Doc No. 57 ¶¶ 1 and 4-6).

Defendants oppose and cross-move for an order deeming their answer timely served or for an order vacating their default and granting them leave to serve an answer. First, defendants submit that they timely served an answer to the amended complaint on October 19, 2023. In the event this court finds that defendants are in default, defendants attribute any delay to law office failure. Next, defendants argue that plaintiff failed to properly serve Tectonic. Defendant McKenney, Tectonic's president, avers that "Michael V." is Michael Vena, Tectonic's front desk clerk and receptionist who is not authorized to accept service on Tectonic's behalf (NYSCEF Doc No. 92 [McKenney Affidavit] ¶¶ 1, 12). Defendants further argue that they have raised a potentially meritorious defense to the action. McKenney avers that Tectonic contracted with plaintiff in June 2022 for plaintiff to perform floor tile work at the Salvatore Ferragamo store at 63 Greene Street (id., ¶¶ 1, 3-4). McKenney avers that plaintiff failed to properly man the project, failed to complete the work, and failed to comply with a cure notice (id., ¶¶ 5-9). Plaintiff's abandonment of the project caused delays to the completion of the overall project and caused Tectonic to incur additional expenses in retaining a different contractor to complete plaintiff's work (id., ¶¶ 9-11 and 16). McKenney was under the belief that legal counsel would properly handle the filing of papers, and states, "I would never intentionally default on any matter before this or any other Court" (id., ¶ 19).

Plaintiff responds that defendants have failed to proffer a reasonable excuse or a meritorious defense. Nissen denies ever receiving a cure notice from plaintiff and submits that

158860/2022 NATIONWIDE COMMERCIAL & INDUSTRIAL SURFACES vs. TECTONIC BUILDERS INC ET AL
Motion No. 002

Page 4 of 8

[* 4]

4 of 8

defendants failed to submit any document or other proof to substantiate McKenney's statements (NYSCEF Doc No. 103 ¶¶ 6 and 9). Nissen adds that plaintiff completed its work, and that defendants prevented it from "apply[ing] a final top coat, just as a courtesy and extra layer of finish" (*id.*, ¶ 11).

## Discussion

A motion for a default judgment must be supported with "proof of service of the summons and the complaint, . . . proof of the facts constituting the claim, [and] the default" (CPLR 3215[f]; *see Gordon Law Firm, P.C. v Premier DNA Corp.*, 205 AD3d 416, 417 [1st Dept 2022]). "[A] complaint verified by someone or an affidavit executed by a party with personal knowledge of the merits of the claim" satisfies this statutory requirement (*Beltre v Babu*, 32 AD3d 722, 723 [1st Dept 2006]; *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]). The plaintiff must offer "some proof of liability . . . to satisfy the court as to the prima facie validity of the uncontested cause of action" (*Feffer v Malpeso*, 210 AD2d 60, 61 [1st Dept 1994]). "The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*id.*). A party in default "admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages" (*Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]).

Further, when a default judgment based upon non-appearance is sought against a natural person in an action based upon nonpayment of a contractual obligation, plaintiff must satisfy the CPLR 3215(g)(3) additional mailing requirement by submitting an affidavit attesting that the additional notice was mailed in an envelope marked personal and confidential, and did not reflect that it contained a communication from an attorney or concerned an alleged debt (*231st Riverdale LLC v 7 Star Home Furniture Inc.*, 198 AD3d 524, 525 [1st Dept 2021]).

158860/2022 NATIONWIDE COMMERCIAL & INDUSTRIAL SURFACES vs. TECTONIC BUILDERS INC ET AL
Motion No. 002

Page 5 of 8

5 of 8

[* 5]

"To successfully oppose a motion for leave to enter a default judgment, a defendant must demonstrate a reasonable excuse for the default and a meritorious defense" (*Morrison Cohen LLP v Fink*, 81 AD3d 467, 468 [1st Dept 2011]). It is within the court's discretion to determine what constitutes a reasonable excuse (*see Xiaoyong Zhang v Jong*, 195 AD3d 435, 435 [1st Dept 2021]). Factors to consider include "the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (*New Media Holding Co. LLC v Kagalovsky*, 97 AD3d 463, 465 [1st Dept 2012] [citation omitted]). "Moreover, courts have the inherent power to forgive even an unexplained default 'in the interest of justice'" (*id.* [citation omitted]).

Because service of an amended complaint supersedes the original, the time from which to measure a defendant's default runs from the date the plaintiff serves the defendant with the amended complaint (*see NYCTL 2017-A Trust v Heirs-at-Law of John Ghiselli*, 215 AD3d 427, 429 [1st Dept 2023]). Here, plaintiff did not obtain the so-ordered stipulation discontinuing the action against certain parties and allowing it to amend the caption until July 27, 2023.[2]

CPLR 311(a)(1) provides for personal service upon a domestic corporation and states that "[p]ersonal service upon a corporation or governmental subdivision shall be made by delivering the summons ... upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." As set forth above, the affidavit of service establishes that plaintiff served Tectonic's office manager. CPLR 311 (a) (1) does not list an office manager as a person authorized to accept service on behalf of a domestic corporation, nor does plaintiff furnish any evidence that the alleged "office manager" was qualified to accept service on Tectonic's behalf (*Commissiong v*

---

[2] According to a NYSCEF confirmation notice, it does not appear that plaintiff refiled the supplemental summons and amended complaint as directed (NYSCEF Doc No. 67).

158860/2022 NATIONWIDE COMMERCIAL & INDUSTRIAL SURFACES vs. TECTONIC BUILDERS INC ET AL
Motion No. 002                                                              Page 6 of 8

6 of 8

[* 6]

*Mark Greenberg Real Estate Co. LLC*, 203 AD3d 657 [1st Dept 2022], *lv dismissed* 38 NY3d 1119 [2022], *rearg denied* 38 NY3d 1170 [1st Dept 2022]; *Kurshan v Townhouse Mgt. Co.*, 223 AD2d 402, 403 [1st Dept 1996]). Accordingly, plaintiff has failed to demonstrate that it properly served Tectonic with process (*see Arthur-Brown v Ramirez*, 235 AD3d 526, 526-527 [1st Dept 2025]; *Mark Greenberg Real Estate Co. LLC*, 203 AD3d at 658).

With regards to service upon McKenney, plaintiff filed proof of service with the court on September 12, 2023. Service upon McKenney was deemed complete 10 days later (*see* CPLR 308[2]), and in accordance with CPLR 320(a), McKenney had 30 days thereafter to timely answer or otherwise appear in this action (*see Watson v City of New York*, 157 AD3d 510, 512 [1st Dept 2018]). Ten days from September 12, 2023 falls on Friday, September 22, and measuring 30 days from September 22, 2023, McKenney had until Sunday, October 22, 2023 to timely appear. Because October 22, 2023 fell on a Sunday, the deadline was automatically extended to the next business day, or Monday, October 23, 2023 (*see* General Construction Law § 25-a[1]). Here, McKenney timely served an answer to the amended complaint on October 19, 2023. Thus, plaintiff has not established that McKenney is in default.[3]

In view of the foregoing, the Court need not address the arguments raised in support of or in opposition to defendants' cross-motion.

Accordingly, it is

ORDERED that the motion by Nationwide Commercial & Industrial Surfaces for a default judgment against defendants Tectonic Builders Inc. and Anthony McKenney is DENIED; and it is further

---

[3] Even assuming plaintiff properly filed its motion for default judgment against McKenney, the Court finds that plaintiff failed to comply with the additional notice requirement as to McKenney (*231st Riverdale LLC*, 198 AD3d at 525).

158860/2022 NATIONWIDE COMMERCIAL & INDUSTRIAL SURFACES vs. TECTONIC BUILDERS INC ET AL
Motion No. 002

Page 7 of 8

7 of 8

ORDERED that the cross-motion of defendants Tectonic Builders Inc. and Anthony McKenney for an order declaring their answer timely filed or for an order vacating their default and granting them leave to serve an answer is DENIED as moot; and it is further

ORDERED that the parties shall appear for a preliminary conference on September 10, 2025, at 10:00 AM, in Part 38, Room 1166, 111 Centre Street, New York, New York.

This constitutes the decision and order of the Court.

| 6/3/2025 | | |
|----------|---|---|
| DATE | | ASHLEE CRAWFORD, J.S.C. |

CHECK ONE:
- [ ] CASE DISPOSED
- [X] NON-FINAL DISPOSITION
- [ ] GRANTED [X] DENIED
- [ ] GRANTED IN PART
- [ ] OTHER

APPLICATION:
- [ ] SETTLE ORDER
- [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:
- [ ] INCLUDES TRANSFER/REASSIGN
- [ ] FIDUCIARY APPOINTMENT
- [ ] REFERENCE

158860/2022  NATIONWIDE COMMERCIAL & INDUSTRIAL SURFACES vs. TECTONIC BUILDERS INC ET AL
Motion No. 002

Page 8 of 8

8 of 8