## Board of Mgrs. of the 13 Morton St. Condominium v Premier 47 7th Ave. LLC

2025 NY Slip Op 32747(U)

August 7, 2025

Supreme Court, New York County

Docket Number: Index No. 150266/2025

Judge: Phaedra F. Perry-Bond

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. PHAEDRA F. PERRY-BOND**          PART          35

                                     *Justice*

------------------------------------------------------------------X

BOARD OF MANAGERS OF THE 13 MORTON STREET
CONDOMINIUM,

                              Plaintiff,

             - v -

PREMIER 47 7TH AVENUE LLC,SIG CRE 2023 VENTURE,
LLC,JOHN DOE,

                              Defendant.

------------------------------------------------------------------X

PREMIER 47 7TH AVENUE LLC

                              Plaintiff,

             -against-

KOOK BURGER AND BAR NYC LLC, D/B/A KOOK BURGER
& BAR, KINGSLEY BRAEDEN ANDERSON, SELENA
GABRIELLE

                              Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150266/2025 |
| MOTION DATE | 04/03/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No.  595216/2025

The following e-filed documents, listed by NYSCEF document number (Motion 002) 16, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47 and 48 were read on this motion to/for <u>JUDGMENT – DEFAULT</u>.  Upon the foregoing documents, third-party plaintiff's motion is granted in its entirety.

<u>Procedural History</u>

On or about March 20, 2024, Premiere 47 7th Avenue LLC (Premiere) executed a 15-year commercial lease with Kook Burger and Bar LLC d/b/a Kook Burger & Bar (Tenant) for property known as 13-15 Morton Street a/k/a 47-49 7th Avenue South, New York, NY (Premises) (NYSCEF Doc. No. 42).  Tenant defaulted on the lease and fell into arrears.  Premiere served Tenant with a seven-day notice of default on January 17, 2025, and three-day notice of termination on January 30, 2025 (NYSCEF Doc. Nos. 43 and 44).  Tenant never responded to these notices.

On February 25, 2025, Premiere commenced a third-party action for declaratory judgment, ejectment of a commercial tenant, breach of contract, breach of guaranty, contractual and common law indemnification, use and occupancy and attorneys' fees against Tenant, and Tenant's guarantors, Kingsley Braeden Anderson and Selena Gabrielle (NYSCEF Doc. No. 41). Tenant was served via the New York Secretary of State, pursuant to Limited Liability Law § 303 on February 26, 2025 (NYSCEF Doc No. 16), and failed to appear or respond.

Pursuant to CPLR § 3215(g)(4), notice of intent to seek a default judgment was served on March 31, 2025 (NYSCEF Doc No. 46), and Tenant was served with the default motion papers on April 3, 2024 (NYSCEF Doc. No. 48). Tenant has remained in possession of the Premises and rental arears continue to accrue.

## Discussion

Under Civil Practice Law and Rules (CPLR) § 3215(f), a party seeking default judgment must submit: (1) proof of service of the summons and complaint, (2) proof of the defendant's default, and (3) proof of the facts constituting the claim. Premiere has satisfied these elements. (*See Joosten v Gale*, 129 AD2d 531, 534 [1st Dept 1987]; *231st Riverdale LLC v 7 Star Home Furniture Inc.*, 198 AD3d 524, 525 [1st Dept 2021]; *Beltre v Babu*, 32 AD3d 722, 723–724 [1st Dept 2006]).

Premiere submitted the seven-day notice of default and three-day notice of termination, with respective proofs of service (NYSCEF Doc. Nos. 43 and 44), third-party summons and complaint (NYSCEF Doc. No. 41), affidavit of service and CPLR § 3215(g) notice (NYSCEF Doc Nos. 45 and 46), and Liza Teplitski's, senior property manager of the premises, affirmation in support detailing the basis for relief (NYSCEF Doc. No. 47).

[* 2]

"[D]efaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v Mendon Leasing*, 100 NY2d 62, 71 [2003] (citations omitted)). By failing to appear or otherwise respond, Tenant has admitted to Premiere's allegations of declaratory judgment, termination of the lease and ejectment from the Premises (NYSCEF Doc. No. 41, ¶¶24-28, 29-33). Thus, the lease between Premiere and Tenant is terminated and Premiere is entitled to recover immediate possession of the Premises.

Premiere also requested a severing of the first and second causes of action against Tenant from the rest of the third-party complaint, pursuant to CPLR § 603. Section 603 of the CPLR states, "[i]n furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue. The court may order the trial of any claim or issue prior to the trial of the others." Premier requests the severance of its causes of action against Tenant to allow for a separate entry of possessory judgment and not have to wait for the determination of plaintiff's claim in order to re-rent the Premises. The Court grants Premiere's request.

Accordingly, it is hereby:

ORDERED that Premiere's first and second causes of action (declaratory judgment and ejectment) against Tenant in the third-party complaint are severed from the remaining causes of action in the third-party complaint, pursuant to CPLR § 603; and it is further

ORDERED that Premiere's motion for a default judgment against Tenant, pursuant to CPLR § 3215, is granted; and it is further

ORDERED AND ADJUDGED that the lease between Premier and Tenant for the Premises was properly terminated; and it is further

[* 3]

ORDERED AND ADJUDGED that Premier is entitled to recover immediate possession of the Premises from Tenant; and it is further

ORDERED AND ADJUDGED that the Sherif of the City of New York, County of New York, upon receipt of a certified copy of this order, and payment of proper fees, is directed to remove Tenant from the Premises in accordance with the provisions of this order; and it is further

ORDERED AND ADJUDGED that exclusive possession of the Premises shall be restored to Premier; and it is further

ORDERED AND ADJUDGED that immediately upon the entry of this order Premiere may exercise all acts of ownership and possession of the premises, including entry thereto, as against Tenant; and it is further

ORDERED AND ADJUDGED that Tenant, its agents, employees and all other persons or entities claiming title or possession under of through Tenant shall be excluded from the Premises; and it is further

ORDERED that within twenty (20) days after this decision and order is uploaded to NYSCEF, counsel for Premier shall serve a copy of this decision and order, with notice of entry, on all parties; and it is further

ORDERED that the parties are to appear for a preliminary conference at 9:30 a.m. on August 26, 2025.

| | |
|---|---|
| __8/07/2025__ | PHAEDRA F. PERRY-BOND, J.S.C. |
| DATE | |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]