New Millennium Med. Imaging, P.C. v Arbella Protection Ins. Co., Inc. (2025 NY Slip Op 51521(U))

[*1]

New Millennium Med. Imaging, P.C. v Arbella Protection Ins. Co., Inc.

2025 NY Slip Op 51521(U)

Decided on September 26, 2025

Civil Court Of The City Of New York, Kings County

Epstein, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 26, 2025
Civil Court of the City of New York, Kings County

New Millennium Medical Imaging, P.C. 
 AAO Mikhail Abramov, Plaintiff,

against
Arbella Protection Insurance Company, Inc., Defendant

Index No. CV-752361-21-KI

Plaintiff:
Damin Toell, Esq. 
Law Offices of Damin J. Toell
626 SHEEPSHEAD BAY ROAD, #245112
Brooklyn, New York 11224 
(516) 204-4775 
Defendant:
Walter J. Klimczak, III, Esq.
BOYLE SHAUGHNESSY LAW, P.C.
ONE NORTH BROADWAY, SUITE 410
White Plains, New York 10601
(914) 359-5800

Jill R. Epstein, J.

Recitation, as required by CPLR § 2219 (a), of the papers considered in the review of this Motion for Summary Judgment submitted on July 30, 2025,
Papers Numbered
Notice of Motion and Affirmations/Affidavits Annexed 1-2
Affidavits/Affirmations in Opposition 3-4
Reply 5
Upon the foregoing cited papers, and oral argument, the Decision/Order on the Defendant's Motion for Summary Judgement and Plaintiff's Cross-Motion for Summary Judgement is as follows:
Defendant, Arbella Protection Insurance Company Inc., (hereinafter "Defendant") moves by Notice of Motion dated July 26, 2022, for Order pursuant to CPLR § 3212 seeking summary judgment in favor of Defendant dismissing Plaintiff's Summons and Complaint. Defendant asserts that Massachusetts law applies in this case. Massachusetts law contains an $8,000 policy limit, which Defendant shows has been exhausted. Moreover, Defendant provides a waiver signed by Mikhail Abramov, (hereinafter "Assignor"), which releases Defendant from all future claims. Plaintiff, New Millennium Medical Imaging P.C. (hereinafter "Plaintiff" or "Assignee"), moves by Notice of Cross-Motion for Summary Judgment dated, August 22, 2023, pursuant to CPLR § 3212 seeking summary judgment in favor of plaintiff and denial of defendant's Motion.
This matter involves a claim for assigned first-party no fault benefits, which resulted from plaintiff providing medical treatment to Assignor, following a motor vehicle accident, which occurred on February 8, 2016, in Connecticut. Assignor was a passenger on a bus, which overturned, and which was insured by Defendant. During oral argument, defendant argued that the accident occurred in the state of Connecticut, the insurance policy was issued in the state of Massachusetts, the vehicle was registered in Massachusetts, and Massachusetts Personal Injury Protection benefits (hereinafter "PIP") were afforded to the assignor in the matter sub judice.
The first of defendant's three arguments is that Massachusetts law should apply to this claim. Second, the defendant states that if this Court applies Massachusetts law, the policy is exhausted as there is an $8,000 policy exhaustion limit for PIP benefits, which has been applied to this assignor in this case. Finally, defendant argues that the assignor signed a waiver of their rights, which defendant states is applicable in this case.
In response, Plaintiff argues that New York law should apply in this matter as the assignor received treatment in New York and resides in New York. Plaintiff argues that even if Massachusetts law applies, Defendant has not proven the policy is exhausted as there is a $5,000 sum left as described in the policy's declaration page for "Auto Medical Payments Insurance," that was accounted for when defendant claimed the policy was fully exhausted. Plaintiff further argues that the Defendant did not prove exhaustion of the PIP policy with the ledgers and affidavits annexed to their moving papers. Finally, Plaintiff states that the waiver referenced by defendant referenced is inapplicable as it was signed two years after Plaintiff rendered its services and a waiver cannot be executed retroactively without participation of the assignee.
Summary Judgment is a drastic remedy and should be granted only in the absence of any triable issue of material fact. See, Rotuba Extruders, Inc. v Ceppos, 46 NY2d 141 [1978]; Andre v Pomeroy, 35 NY2d 361 [1974]. In order to prevail, the movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient proof to demonstrate the absence of any material issues of fact. The Second Department in A.B. Med. Servs., PLLC v GEICO Cas. Ins. Co., 27 Misc 3d [2nd Dept. 2010] held that:
In the instant case, there is a conflict between New Jersey law and New York law with respect to the procedure involving the submission of claims. In Careplus Med. Supply, Inc. v Selective Ins. Co. of Am. (25 Misc 3d 48, 890 NYS2d 258 [App Term, 9th &10th Jud Dists 2009]), this court, faced with a similar conflict in an action by a provider to recover assigned first-party no-fault benefits, followed the "center of gravity" or "grouping of contacts" approach adopted by the Court of Appeals in Auten v Auten (308 NY 155, 124 NE2d 99 [1954]), which gives controlling effect to the law of the state that has "the most significant relationship to the transaction and the parties" (Restatement [Second] of Conflict of Laws § 188 [1]).
Mass Gen Laws Ann ch. 90, § 34A provides for PIP insurance coverage for a maximum of $8,000. See Mass Gen Laws Ann ch. 90, § 34A.
Based on the Second Department's ruling in A.B. Med. Servs., PLLC v GEICO Cas. Ins. Co., 27 Misc 3d [2nd Dept. 2010], the "grouping of contacts" theory should be applied to the choice of law question. The accident occurred in Connecticut, the vehicle was licensed in Massachusetts, the insurance policy for the vehicle was underwritten in Massachusetts. The vehicle was registered in Massachusetts, and the operator of the bus is a Massachusetts-based entity. Though the assignee in this matter sough medical treatment in New York, the grouping of contacts requires that Massachusetts law be applied.
Given that Massachusetts law applies, there is an $8,000 limit of "PIP" insurance coverage. Defendant annexes ledgers, affidavits, and letters of policy exhaustion that were sent to both the assignee and assignor. The evidence supporting this assertion is admissible and substantiates Defendant's claim that $8,000 PIP limit has been exhausted. The question then remains as to the additional $5,000 described in the declaration page of the insurance policy that was not accounted for. In response to these issues, Defendant asserts that the $5,000 in question was paid to Yale New Haven Hospital in 2016 for other treatment rendered to this same assignee. This claim remains unrebutted by Plaintiff, therefore, the Court must take defendant's explanation as to the use of the $5,000 of Auto Medical Insurance payment as fact.
Finally, the Court is asked to address the issue of assignee's retroactive waiver of benefits. The waiver was signed by the assignee two years after the Plaintiff rendered services to the assignee. Thus, the waiver is inapplicable.
However, this Court has no choice but to grant Defendant's motion for summary judgment. The defendant has sufficiently proven that Massachusetts law is applicable, that the Plaintiff has failed to rebut the assertions that the policy was not exhausted, as Defendant provided admissible ledgers, affidavits, and policy exhaustion letters in it motion papers. Finally, Plaintiff has failed to rebut defendant's contention that the $5,000 in additional Auto Medical Payment insurance was paid to Yale New Haven Hospital for services rendered to its same assignor by way of any written argument or evidence in plaintiff's reply.
WHEREFORE it is hereby
ORDERED AND ADJUDGED that Defendant's motion for summary judgement dismissing the complaint is granted pursuant to CPLR § 3212 and the matter is dismissed. Plaintiff's cross-motion for Summary Judgement is denied in all respects.
Dated: September 26, 2025
Brooklyn, New York
HON. JILL R. EPSTEIN, JCC